John K. COLLINGS, Plaintiff-Appellant,

v.

BUSH MANUFACTURING CO., Cecil Boling, The Heat-X-Changer Co., Inc., James W. Hatch and Edward M. Flannery, Defendants-Appellees.

No. 180, Docket 24816.

United States Court of Appeals Second Circuit.

Argued March 3, 1958.

Decided June 17, 1958.

Wise, Valentine & Cresap, New York City (Logan Cresap, New York City, of counsel), for plaintiff-appellant.

Gordon, Brady, Caffrey & Keller, New York City (Bernard Phillips, Leroy C. Curtis, New York City, of counsel), for defendants-appellees.

Before LUMBARD, WATERMAN and MOORE, Circuit Judges.

WATERMAN, Circuit Judge.

This action was brought by plaintiff for rescission, or in the alternative, for damages, based on several causes of action allegedly arising out of the exchange by the plaintiff of 5,900 shares of stock of the defendant Heat-X-Changer Co. Inc., for 11,800 shares of stock of the defendant Bush Manufacturing Company. Several grounds for recovery are asserted by the plaintiff, but his basic complaint is that certain assets of the defendant Heat-X-Changer were concealed from him, in consequence of which he was induced to part with his stock interest therein for less than its actual value. After a trial to the court without a jury, a judgment was entered dismissing the complaint, and the plaintiff appeals.

Prior to September 1953 the plaintiff owned forty-three per cent, or 5,900 shares, of the stock of Heat-X-Changer, a New York corporation engaged in the manufacture and sale of heat transfer apparatus. The corporation had two other stockholders, the defendant Boling who owned fifty-one per cent of the stock, and one Donovan who owned six per cent. These three were the directors

of the corporation. Boling, in September 1953, was also the president and a director of the defendant Bush Manufacturing Co., and was the beneficial owner of 36,000 of the 70,000 outstanding shares of that corporation. Boling, and also Donovan, to the knowledge of the plaintiff, divided their time between the two corporations. The defendants Hatch and Flannery were directors of and substantial stockholders in Bush, and, together with Boling, were trustees under a voting trust arrangement with respect to the 36,000 shares of Bush of which Boling was the beneficial owner.

Commencing in 1952 negotiations were entered into between plaintiff and the individual defendants looking toward a merger of Heat-X-Changer and Bush. Frederick H. Schroeder, a director of Bush and an investment banker, prepared an analysis of the wealth of the respective corporations and submitted a report suggesting an exchange ratio of 1.3 or 1.4 shares of Bush for each share of Heat-X-Changer. Plaintiff caused this analysis to be studied by his accountant and he also conferred with his attorney about it. On plaintiff's behalf the accountant then prepared another analysis, suggesting that the exchange ratio be modified to better than two shares of Bush for each share of Heat-X-Changer. In arriving at this ratio the accountant added to the assets appearing on the Heat-X-Changer balance sheet a sum of $50,000, which sum Collings testified was a completely arbitrary one. Negotiations ensued and the parties finally agreed that the exchange should be made on the basis of two for one. By letter dated May 19, 1953 the defendant Hatch in furtherance of the transaction mailed to the plaintiff a proposed contract to effect the exchange. It was cast in the form of an offer by the three Heat-X-Changer shareholders to Bush to exchange their stock for newly-issued stock of Bush. This offer, when submitted to Collings for his signature had been signed by Boling and Donovan. It contained a warranty by the Heat-X-Changer shareholders to Bush that the Heat-X-Changer balance sheet

annexed thereto was accurate. The plaintiff declined to sign the offer. He took the position that Boling and Donovan, as the majority stockholders and the officers of the corporation had the responsibility of making the warranty. Bush agreed to go ahead with the exchange of stock without requiring plaintiff to join in the warranty, and, in September 1953, the transaction was completed.

We may digress momentarily to consider plaintiff's contentions that the Boling-Donovan warranty inured to his benefit. Clearly the warranty originated as one from the Heat-X-Changer shareholders to Bush. Plaintiff's refusal to join in the warranty cannot convert a promise to Bush into a promise to him also. Nor is there any basis upon which to sustain plaintiff's claim that he was a third-party beneficiary of the warranty. Indeed, the very authority upon which plaintiff relies refutes this contention. Section 133 of the Restatement of Contracts limits the concept of a "creditor-beneficiary" to one who will benefit from a promise the performance of which "will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary * * *". As Bush at no time assumed the duty of warranting the accuracy of the Heat-X-Changer balance sheet to plaintiff, plaintiff cannot claim the benefit of the warranty by Boling-Donovan to Bush as a third-party beneficiary of that warranty. The only promise which could arise from the warranty was to make Bush whole if the balance sheet overstated the value of the Heat-X-Changer assets. Such a promise was neither for, nor could it inure to, plaintiff's benefit.

The assets which plaintiff alleges were not disclosed in the Heat-X-Changer balance sheet and which he claims were concealed from him relate primarily to the valuation on the books of the Heat-X-Changer of the ownership of a longitudinal inner fin for which Heat-X-Changer held a patent, and upon the improvement of which the corporation had spent time in research and development. The fin had been developed by Boling and assigned by him to Heat-X-Changer

about 1946. It is undisputed that beginning in 1951, when Boling became associated with Bush, the latter corporation made use of the fin in connection with the air condition devices which it manufactured, and it is apparently undisputed that Heat-X-Changer never received compensation for this use. Certain improvements were made by Bush on the fin, which improvements were within the coverage of the patent. These improvements in the fin were made under the supervision of Donovan who was then devoting a portion of his time to working with Bush; and, we may assume, as plaintiff contends, that the improvements were accomplished partially as a result of "know-how" acquired by Donovan during his employment with Heat-X-Changer. It is also undisputed that approximately half the time of several persons employed by Heat-X-Changer was devoted to research and development and that the cost of these operations was treated as costs of current sales. Hence the expenses so incurred were not capitalized and thus were not reflected in the asset side of the corporation's balance sheet.

The redress which plaintiff seeks, it must be borne in mind, is for an alleged wrong suffered by him, and is not for a wrong suffered by the corporation. See Fletcher, Cyclopedia of Corporations § 5978 (1943). The gravamen of his complaint is that the defendants, whether singly or in concert, concealed corporate assets from him, thereby causing him to part with his stock for less than its actual value. Whatever the harm suffered by the corporation, it is relevant in plaintiff's suit only insofar as it tends to establish that corporate assets were concealed from the plaintiff at the time of the merger. Therefore, if plaintiff knew of the patented inner fin and of the use to which it had been put, and if he were aware of the accounting treatment accorded research and development expenditures, then he has failed to establish an essential element of the cause of action which he asserts. After a full hearing the District Court found that plaintiff had such knowledge. This determinative finding of the court below is convincing established by the evidence.

The plaintiff, at all relevant times, was a director of Heat-X-Changer and as such had access to all its books. From the very beginning the corporate books carried the cost of research and development as a charge against current income, an accounting technique which was fully discussed in the certified public accountant's report which accompanied the 1952 financial statement. These facts clearly negative any inference that the defendants concealed from the plaintiff the value of Heat-X-Changer's research and, when considered together with the evidence of plaintiff's participation on the corporation's board of directors, clearly warrant a finding that plaintiff was aware of the accounting practices adopted by the corporation. Plaintiff's claims with respect to the concealment from him of adequate asset valuation for the inner fin patent and of the improvements made upon the device are equally without merit. He had knowledge of the fin and it cannot be reasonably doubted that he was aware of Bush's use of the device. This use was discussed at several board meetings which plaintiff attended and was specifically mentioned in a yearly report by Bush which plaintiff concededly received and examined prior to the merger agreement. Donovan's participation in the further development of the fin was also known to plaintiff. The trial judge properly found that plaintiff, at the time he entered into the exchange of stock agreement, had full knowledge of all the assets which he now alleges were concealed from him. Indeed, the evidence well establishes that the exchange ratio of 2 shares of Bush for 1 share of Heat-X-Changer, finally agreed upon, was in part based upon the inclusion of these very items among Heat-X-Changer's assets, since plaintiff's accountant, prior to the closing of the deal, added to the balance sheet of Heat-X-Changer the completely arbitrary fig-

ure of $50,000 to represent corporate assets which had not been formerly included therein.

■ Since the evidence establishes that assets of Heat-X-Changer were not concealed from plaintiff, he has failed to sustain his claim that he was fraudulently induced to part with his stock for less than its actual value.

Accordingly, the judgment of dismissal is affirmed.