JOSEPH F. KRUPA ET AL. *v.* GORDON F. KELLEY ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 7-6512-7398

Argued November 27, 1967—decided March 1, 1968

*Joseph L. Zalenski,* of Meriden, for the appellants (plaintiffs).

*Harold M. Mulvey,* of New Haven, for the appellees (defendants).

TOSCANO, J. The plaintiffs brought this action to recover damages for injuries alleged to have been sustained as a result of the negligent operation of a motor vehicle owned by the defendant Cumberland Farms Dairy Products, Inc., and operated by its admitted agent, Gordon F. Kelley, the named defendant. The court rendered judgment for the defendants, and the plaintiffs have appealed, claiming that the court erred in its findings and conclusions. The court's conclusions are set forth in a memorandum of decision which under our rules becomes a part of the record on appeal. Practice Book § 992. The Statute of Limitations was pleaded as an affirmative defense. The principal questions before us are whether the trial court erred (1) in concluding that the Statute of Limitations bars the action; (2) in refusing to find facts as set forth in the plaintiffs' motion to correct the finding; and (3) in refusing to strike two paragraphs of the finding.

On February 23, 1964, Joseph F. Krupa, Margaret K. Krupa and Anna V. Krupa were passengers in an automobile involved in a collision with the defendants' automobile. The Zurich Insurance Company, which is not a party to this action, was the liability carrier on the defendants' vehicle. Thereafter, Zurich's adjusters negotiated with the plaintiffs concerning the settlement of the plaintiffs'

claims for damages. A total of three visits were made to the home of the plaintiffs by the adjusters. The first visit was made by a Mr. Haven in March or April of 1964. The other two visits were made by a Mr. Balcher in September or October of 1964. At his last visit, Mr. Balcher made an offer to the plaintiffs to settle these cases for a total of about $3000, and the offer was refused by the plaintiffs. There was no further contact between the plaintiffs and personnel of the Zurich Insurance Company until June, 1965.

This action was commenced by writ, summons and complaint dated November 23, 1965, and returnable to this court on the third Tuesday of December, 1965. In their answer, the defendants pleaded as a special defense that the action was barred by the Statute of Limitations. The plaintiffs filed a reply which alleged that the defendants or their agents had, within the year following the accident, made representations and assurances to the plaintiffs for the sole purpose of inducing inaction on their part so that the statute would run. This issue was, by agreement of counsel, tried to the court and was found in favor of the defendants. Pursuant to stipulation, judgment was rendered in favor of the defendants and the plaintiffs appealed.

Under Connecticut law, the plaintiff seeking to toll the Statute of Limitations by showing fraudulent concealment by the defendant of the plaintiff's cause of action must show that the defendant's conduct or representations were directed to the very point of obtaining a delay of which the defendant afterward sought to take advantage by pleading the statute. The plaintiff must show fraudulent concealment by the defendant of the plaintiff's cause of action; that the plaintiff was ignorant of the existence of a right of action; that the defendant

intended that the plaintiff be kept in ignorance; and, in the absence of a fiduciary relationship, that the defendant was guilty of some affirmative act of concealment—of more than mere silence. *Zimmerer* v. *General Electric Co.*, 126 F. Sup. 690 (D. Conn.). In *Lobrovich* v. *Georgison*, 144 Cal. App. 2d 567, 573–75, the court said: "If there is still ample time to institute the action within the statutory period after the circumstances inducing delay have ceased to operate, the plaintiff who failed to do so cannot claim an estoppel. . . . 'The statute of limitation is a positive rule of law, and the courts must, when it is pleaded, be governed by it where it applies . . .' . . . independent of the existence of prejudice to the defendant."

. "Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end desired." *Alexander* v. *Church*, 53 Conn. 561, 562. Fraud is not to be presumed but is to be strictly proven, and the evidence must be clear, precise, and unequivocal. *Burley* v. *Davis*, 132 Conn. 631, 634. The defendants are entitled to rely on the Statute of Limitations as a defense to this action and are not liable for damages occasioned to the plaintiffs by the running of the statute unless the defendants' conduct or representations were directed to the very point of obtaining the delay of which the defendants afterward sought to take advantage by pleading the statute. *Lippitt* v. *Ashley*, 89 Conn. 451, 480; *Zimmerer* v. *General Electric Co.*, supra. The defendants are not estopped to rely on the Statute of Limitations where the plaintiffs were delayed in commencing suit, not by misrepresentations of the defendants, but by negotiations and at the conclusion of negotiations there was still ample time to institute suit. *Lobrovich* v. *Georgison*, supra. Ordinarily, in a business transaction each party must

look out for his own interests, and if one party knows something the other does not, the former is under no obligation to disclose it. This is peculiarly so where all the facts are open to discovery upon inquiry by either. *Stanio* v. *Berner Lohne Co.,* 127 Conn. 431.

"One purpose [of the Statute of Limitations] is to prevent the unexpected enforcement of stale claims concerning which the persons interested have been thrown off their guard by want of prosecution." *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 174. "The Statute of Limitations is a statute of repose. At times, it may bar the assertion of a just claim. Then its application causes hardship. The Legislature has found that such occasional hardship is outweighed by the advantage of outlawing stale claims." *Schmidt* v. *Merchants Despatch Transportation Co.,* 270 N.Y. 287, 302; *Kennedy* v. *Johns-Manville Sales Corporation,* 135 Conn. 176, 179. It must be pointed out that the plaintiffs in the case before us had approximately four months from the last visit of the adjuster to their home and the anniversary of the accident. The court in *Bryant* v. *Bryant,* 246 S.W.2d 457, 458 (Ky. App.) stated: "Regardless of the promises for settlement which may or may not have been made to Mrs. Bryant, she had six full months after April 20th to file her action . . . ." The field in which the doctrine of equitable estoppel may appertain has been set forth in 53 C.J.S. 965–67, Limitations of Actions, § 25, as follows: "However, before the doctrine of estoppel to plead limitations may be successfully invoked on the basis of fraud, it is essential to show existence of the essential elements of such an estoppel, and it has been held that, in order to serve as the basis of such an estoppel, the fraud must be of a character to prevent inquiry, or to elude investigation, or otherwise to mislead

the party having the cause of action, and in this connection it has been held that plaintiff is under a duty to exercise reasonable care and diligence. . . . Statements calculated to dissuade a litigant from beginning action and not designed merely to induce its postponement will not, in the absence of fraud, estop the party making them from availing himself of the plea of the statute of limitations in the event of subsequent prosecution of such action, and mere negotiations looking toward an amicable settlement afford insufficient basis for an estoppel to plead limitations." The court in *Nesbitt* v. *Erie Coach Co.*, 416 Pa. 89, 92, said: "The burden of proving the existence of such fraud or concealment is upon the asserting party by evidence that is clear, precise and convincing . . . . It is also well established that mere negotiations toward an amicable settlement afford no basis for an estoppel, nor do mistakes, misunderstandings or lack of knowledge in themselves toll the running of the statute." In another case, *Reat* v. *Illinois Cent. R. Co.*, 47 Ill. App. 2d 267, 277, the court was talking about a period of about four months and said: "[T]he alleged 'lulling' period, if there were any, expired long before the statute barred the action and there was ample opportunity for Walker to avail of any legal rights he had before the bar of the statute fell."

The testimony of the witness Balcher distinctly shows that he told the plaintiffs that it was felt that their case was worth $3000 and he was making them that offer, and he recommended that they accept that offer. He also informed them that the $3000 would be the ultimate amount that he would pay and that he would not pay $6000 and they were free to retain a lawyer to represent them if they so desired. The plaintiffs have failed to sustain the burden of proving that the defendants or their agents conducted themselves in such a manner as

to estop them from asserting the Statute of Limitations as a bar to the plaintiffs' action. The plaintiffs have failed to show by any kind of clear, convincing or precise evidence that a fraud was committed on them so as to entitle them to the benefit of the doctrine of equitable estoppel.

Since there was evidence to support the paragraphs of the finding the plaintiffs sought to strike, the court properly refused to strike them. The facts as set forth in the plaintiffs' motion to correct were neither admitted nor undisputed, so the court did not err in refusing to add those facts to the finding. The finding amply supports the court's conclusions.

The defendants had no obligation to inform the plaintiffs of the existence and effect of the Statute of Limitations, when those facts were easily ascertainable by the plaintiffs. *Stanio* v. *Berner Lohne Co.,* 127 Conn. 431; *Gayne* v. *Smith,* 104 Conn. 650, 652. The plaintiffs had ample time to institute their suit after their last contact with the adjuster. *Lobrovich* v. *Georgison,* 144 Cal. App. 2d 567. Section 52-584 limits the time for the bringing of an action to recover damages for personal injuries caused by negligence to one year after the date of the injury. The main purpose of the statute is to prevent the enforcement of stale claims, so that witnesses may be available for defense; it is a statute of repose. *Anderson* v. *Bridgeport,* 134 Conn. 260, 266. While the language of the statute is clear and explicit, it is well recognized that a defendant may be estopped by his agreement, conduct, representations or fraud from asserting the bar of the statute. 53 C.J.S., Limitations of Actions, § 25. The easiest and surest way for the plaintiffs to have discovered their legal rights and remedies and the restrictions on them would have been to ask a lawyer. Instead, they chose to handle their legal problem themselves

and made a mess of it. Only at that point did they make a reasonable inquiry concerning their rights by retaining a lawyer.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.