Sherman HOEFLICH

v.

**WILLIAM S. MERRELL COMPANY,** a
Division of Richardson-Merrell, Inc.
and Richardson-Merrell, Inc.

Civ. A. No. 40740.

United States District Court
E. D. Pennsylvania.

Aug. 28, 1968.

Richter, Lord, Toll, Cavanaugh, McCarthy & Raynes, Gary Leedes, Philadelphia, Pa., for plaintiff.

Pepper, Hamilton & Scheetz, Aaron D. Blumberg, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

TROUTMAN, District Judge.

■ This is an action for personal injuries allegedly resulting from the ingestion of a prescription drug manufactured by defendants and known as MER/29. The personal injuries attributed to the drug by the plaintiff are skin eruptions and injuries to his eyes and nervous system. Presently before the Court for disposition is the motion of the defendants filed pursuant to Rule 56 of the F.R.Civ.P. for summary judgment on the ground that plaintiff's claim is barred by the applicable statutes of limitations. Since this Court's jurisdiction over this action is based upon diversity of citizenship the disposition of defendants' motion is controlled by Pennsylvania law. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

The legal theories upon which plaintiff is proceeding in this action are breach of warranty, negligence and strict liability. The applicable Pennsylvania statute of limitations for breach of warranty is the Act of October 2, 1959, P.L. 1023, 12A P.S. § 2–725 which provides that:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. * * * (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made.

* * *"

The applicable Pennsylvania statute of limitations for actions based upon negligence and strict liability is the Act of June 24, 1895, P.L. 236, 12 P.S. § 34 which provides that an action "* * * must be brought within two years from the time when the injury was done and not afterwards; * * *".

■■ Just as we must follow Pennsylvania law in determining what statute applies, so also must we apply the Pennsylvania case law in determining when the statute begins to run. A literal reading of the applicable statutes of limitations would indicate that the statute begins to run "when tender of delivery is made" as to breach of warranty claims and "when the injury was done" as to negligence and strict liability claims. However, when these statutes are "read in the light of reason and common sense", as they must be, a literal interpretation has not been afforded to them in every instance by the Pennsylvania courts. Ayers v. Morgan, 397 Pa. 282, 284, 154 A.2d 788 (1959).

As to the warranty claim, the Pennsylvania Supreme Court has held that the four year statute set forth in 12A P.S. § 2–725 is applicable to personal injury actions based upon breach of warranty. Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A.2d 612 (1964). It has also been held by the same Court that the statute begins to run when tender of delivery is made regardless of the aggrieved party's lack of knowledge of the breach and regardless of the time of the accident directly giving rise to the damages claimed. Rufo v. Bastian-Blessing Company, 417 Pa. 107, 207 A.2d 823 (1965).

As to the negligence and strict liability claims, an analysis of the Pennsylvania cases has led this Court, in Carney v. Barnett, 278 F.Supp. 572 (E.D.Pa.1967), to adopt the rule at page 575 that "* * the statute begins to run as of the date of injury unless, in the exercise of reasonable diligence, the plaintiff could not have ascertained defendant's culpability within the statutory period. When that culpability could not reasonably have been so ascertained, the statute

begins to run as of the date it could reasonably have been discovered." [1]

█ As to both the warranty ·and the negligence and strict liability claims, it is the duty of one asserting a cause of action against another to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute the suit within the prescribed statutory period. "* * * If, however, through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the limitation of the action." Schaffer v. Larzelere, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963).

From the plaintiff's deposition taken by counsel for defendants to support this summary judgment motion, the following chronology appears: Plaintiff was prescribed MER/29 by his family physician, Dr. Fetter, in June 1960 because of his high cholesterol count. His last prescription was filled prior to September 15, 1960. At about the same time, Dr. Fetter advised him that his cholesterol count was practically normal and suggested that he finish his present prescription of MER/29 and then stop taking the drug. Between May, 1961 and May, 1964, plaintiff became aware of and was treated for various skin eruptions. For some period of time prior to May, 1964, plaintiff had become conscious of increasing difficulty with his eyes. In May, 1964, plaintiff was advised by Mr. Marchal, an ophthalmologist he consulted in France, that he had

cataracts in both eyes. On July 20, 1966, plaintiff commenced this action.

The plaintiff takes the position that he was unaware of the cause of his injuries until 1966. He contends that although he questioned whether MER/29 was responsible for his injuries well before 1966, his suspicions were allayed: (1) by a letter from Dr. Fetter on April 21, 1964, filed of record by plaintiff, wherein he was advised that the Merrell Company, a defendant herein, informed Dr. Fetter that the circumstances surrounding plaintiff's condition were such that it was unlikely to have been caused by MER/29; [2] and (2) by a letter from Dr. Belmont, his treating ophthalmologist, on May 29, 1964, filed of record by plaintiff, wherein he was advised "* * * that it is not settled whether these lens opacities * * * are caused by Mer-29 or whether these happen to be garden variety senile or pre-senile lens opacities. * * *"

Plaintiff testified in his deposition that in May, 1964, he informed Dr. Marchal that he had been taking MER/29 and after a physical examination was advised by Dr. Marchal that he had cataracts in both eyes and that they were possibly of toxic origin. Defendants contend that the statute of limitations applicable to the negligence and strict liability claims began to run at that time. Contrary to plaintiff's contention that defendants concealed any possible causal connection between MER/29 and the plaintiff's condition in the information they supplied to Dr. Fetter, the defendants contend that Dr. Fetter's letter, the relevant portion of which is con-

---

1. See also Daniels v. Beryllium Corp., 227 F.Supp. 591 (E.D.Pa.1964); Smith v. Bell Tel. Co., 397 Pa. 134, 153 A.2d 477 (1959); Ayers v. Morgan, 397 Pa. 282, 154 A.2d 788 (1959).

2. The relevant portion of the letter from Dr. Fetter to plaintiff is as follows:
"After receiving your letter I telephone the Merrell Company in Cincinnati, Ohio and talked to the Associate Director of Medical Research. I was told that if a patient did not have a skin reaction or loss of hair while

taking Mer/29 or soon thereafter it was unlikely he would have a reaction later. Furthermore, Dr. McMaster said that if cataracts develop from Mer/29 they would be in both eyes and not one, and that they would develop within a year of taking the drug. He said further that an opthalmologist would probably be able to tell from his examination whether a cataract was the result of a toxic agent or whether it is the ordinary cataract that may develop in any adult."

tained in Footnote 2, supra, indicates that the Merrell Company advised as to the circumstances in which the cataracts, loss of hair and skin reactions had generally been associated as a toxic reaction to MER/29 and was not an attempt to conceal any causal relation between the plaintiff's condition and MER/29, if one exists, in this case.

The issues upon which disposition of this summary judgment motion turns are when by the exercise of reasonable diligence the plaintiff could have discovered that his condition was caused by MER/29 and whether the advice rendered to Dr. Fetter by Merrell Company and conveyed to plaintiff was such as to constitute concealment or fraud by the defendants so as to estop them from invoking the statute of limitations as a bar to recovery.

Summary judgment may only be entered where there exists no genuine issue as to a material fact or facts. It is the accepted rule in this Circuit that upon a motion for summary judgment, it is no part of this Court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment. Associated Hardware Supply Co. v. Big Wheel Distributing Company, 355 F.2d 114, 17 A.L.R.2d 998, (3rd Cir. 1966); see also Sarnoff et al. v. Ciaglia, 165 F.2d 167 (3rd Cir. 1947).

Though the summary judgment procedure is freely available in all types of litigation, it is obvious that some kinds of cases lend themselves more readily to summary adjudication than do others. It usually is not feasible to resolve on motion for summary judgment cases involving questions such as when knowledge is discoverable by reasonable diligence of plaintiff and concealment by the defendants. It would be wrong to

generalize from this and conclude that summary judgment never is granted in such cases. But where, as here, a review of the record indicates a material factual conflict, a conflict which could be resolved either way by a jury, it must be left to the jury.[3] Accordingly, defendants' motion for summary judgment will be denied.

decedent's knowledge of the cause of his condition.

---

3. Compare this case to Carney v. Barnett, 278 F.Supp. 572 (E.D.Pa.1967) where the record was uncontradicted as to the