**UNITED STATES of America,
Plaintiff,**

v.

**PALL CORPORATION and LFE, Inc.,
Defendants.**

**No. 73–C–45.**

United States District Court,
E. D. New York.

Nov. 30, 1973.

Robert A. Morse, U. S. Atty., Brooklyn, N. Y. by Thomas A. Illmensee, Asst. U. S. Atty., and Roger C. Wesley, Atty., Civ. Div., U. S. Dept. of Justice, of counsel, for plaintiff.

Gilinsky, Stillman & Mishkin, New York City, for defendant Pall Corp. by Armand Gilinsky, Paul Mishkin, James A. Goldstein, New York City, of counsel.

## MEMORANDUM AND ORDER

JUDD, District Judge.

This action for breach of contract is before the court on the motion of defendant Pall Corporation, before answer, to dismiss the complaint as barred on its face by the statute of limitations.

### The Complaint

The complaint was filed on January 9, 1973. It recites that four pumps were purchased in 1965 by Consolidation Coal Company from Integral Motor Pump Corporation, a subsidiary of Pall, for use in the construction and operation of a coal-to-liquid fuel pilot plant. The specifications which preceded the purchase order and were made known to Integral called for the pumps to be designed to handle a hydrogenated coal extract under pressure of 5,000 psig at 875° F. Consolidation was operating under a cost-plus-fixed-fee contract with the Office of Coal Research of the United States Department of Interior. The complaint states that Integral was informed of the fact that all equipment including these pumps would become the property of the United States.

The purchase order was issued by Consolidation in Pennsylvania, requiring delivery to the pilot plant in West Virginia. The pumps were manufactured in Connecticut and shipped directly to West Virginia.

The pumps were delivered between November 30, 1965 and March 7, 1966. They failed repeatedly, necessitating substantial expense for repairs and redesign and causing considerable plant downtime.

The complaint asserts that Integral knew that the pumps did not meet the specifications, but misled Consolidation and the United States and hindered them from discovering the inadequate specifications of the pumps until December 12, 1968.

The named defendants are sued here because Integral was dissolved on July 29, 1966 and its assets and liabilities were transferred to Pall, which in turn sold certain assets on October 31, 1967 to Laboratory for Electronics, Inc. (sued herein as LFE, Inc.).

The government reimbursed Consolidation for the cost of the pumps and all other sums claimed in the complaint and received an assignment of the claim of Consolidation on October 1, 1972.

The second count of the complaint charges that LFE undertook repair of the pumps knowing that they could not meet the required specifications.

The original cost of the pumps was $34,700. The complaint asks damages of about $659,000 from Pall, and $10,000 from LFE.

*Other Facts*

After a series of extensions, Pall Corporation moved to dismiss the complaint under F.R.Civ.P. 12(b)(6) on the ground that the complaint shows that the right of action did not accrue within four years before the commencement of the action. The time for LFE to answer or move has been extended until after the determination of Pall's motion.

The United States filed a written opposition to the motion, reciting (1) that the claims had been assigned to the United States less than four years after the discovery of the alleged misrepresentation, and (2) that the United States had contractual claims of its own, governed by a separate federal six-year statute of limitations. An affidavit of William F. Schula, an engineer employed by Continental Oil Company, the parent of Consolidation, was attached to the government's opposition. Mr. Schula stated that he was at the pilot plant from October 1967 to February 1971 and that he first learned on December 12, 1968 from an engineer then working for a division of LFE, that the pumps had been designed for water service at only 2,500 pounds per square inch at 650° F. and that it was very doubtful they could ever meet the specifications of 5,000 pound per square inch and 850 (sic) degrees Fahrenheit.

Pall asserts in documents attached to its supplemental memorandum, that four pumps were shipped to Integral by Consolidation on August 25, 30, and 31 and September 7, 1967 to be "reworked . . . in accordance with verbal discussions."

*Applicable Statutes of Limitations*

The Uniform Commercial Code fixed a four-year statute of limitations, subject to tolling, on actions for breach of contract of sale of goods. The pertinent provisions of Section 2–725 are as follows:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

. . . . . .

(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this Act becomes effective. L.1962, c. 553, eff. Sept. 27, 1964.

The identical provisions are contained in the Connecticut, New York, Pennsylvania, and West Virginia versions of the Uniform Commercial Code.

A specific federal statute of limitations for actions by the United States fixes a six-year period for contract actions and three years for torts, subject to exclusion of periods when the basic facts were not known to the United States. 28 U.S.C. §§ 2415, 2416. The following are the pertinent provisions:

§ 2415. Time for commencing actions brought by the United States

(a) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later

. . . . .

(b) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought

by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues . . . .

§ 2416. Time for commencing actions brought by the United States—Exclusions

For the purpose of computing the limitations periods established in section 2415, there shall be excluded all periods during which—

. . . . . .

(c) facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances;

*Discussion of Law*

If the four-year statute of limitations was tolled by concealment of facts and the cause of action was in contract, the claim was timely assigned to the United States in October of 1972 and the six-year statute applicable to actions by the government had not run when the action was commenced. The United States also asserts that it need not rely on the assignment of the claim from Consolidation because it had a direct right as third-party creditor beneficiary of the contract, giving it six years after December 12, 1968 within which to bring the action.

Defendant claims that the complaint sounds in tort and therefore that the statute had run at the time of the assignment, regardless of any concealment of facts.

It is unnecessary to decide which state law applied before the assignment to the United States, because the statute is the same in each state and there is no showing of any difference in decisions interpreting the statute.

 The normal rule is that the court should look to the complaint in determining whether a cause of action is statute-barred. Kincheloe v. Farmer,

214 F.2d 604 (7th Cir. 1954), cert. denied, 348 U.S. 920, 75 S.Ct. 306, 99 L. Ed. 721 (1955). The case is not like Chambliss v. Coca Cola Bottling Corp., 274 F.Supp. 401, 409 (E.D.Tenn.1967), where the court rejected an attempt to amend the complaint by a statement in a brief. Here it is appropriate and practical to consider the Schula affidavit as a help in interpreting the complaint.

*Suspension of the Statute of Limitations by Concealment of Facts*

Cases interpreting Section 2–725 of the Uniform Commercial Code have held that fraud will suspend the running of the statute of limitations. Hoeflich v. William S. Merrell Co., 288 F.Supp. 659 (E.D.Pa.1968) (fraudulent inducement to delay bringing suit); Shaffer v. Lazelere, 410 Pa. 402, 189 A.2d 267 (1963) (holding that the statute runs from the date when the plaintiff with reasonable diligence could have ascertained defendant's culpability); Flynn v. Royal Development Co., 54 N.Y.S.2d 585, 589 (Sup.Ct. Broome Co., 1944); Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959); Krupa v. Kelley, 5 Conn.Cir. 127, 245 A.2d 886 (Conn.1968).

*The Effect of Assignment to the United States*

 Assignment to the United States will not revive a claim which has already been barred by a state statute. Guaranty Trust Co. v. United States, 304 U.S. 126, 141–142, 58 S.Ct. 785, 793, 82 L.Ed. 1224 (1938). In the case of an assignment before the state statute of limitations has run, however, the case will not be barred until the federal statute has run. United States v. Nashville, Chattanooga, St. Louis Ry. Co., 118 U.S. 120, 125, 6 S.Ct. 1006, 30 L.Ed. 81 (1886); United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); United States v. New York Dock Co., 100 F.Supp. 303 (S.D.N.Y. 1951).

 The federal statute of limitations should be construed in the light of

the general rule that the statute of limitations and the defense of *laches* do not apply to the United States unless Congress provides otherwise. United States v. 93 Court Corp., 350 F.2d 386, 388 (2d Cir. 1965), cert. denied, 382 U. S. 984, 86 S.Ct. 560, 15 L.Ed.2d 473 (1966).

Pall argues that Consolidation must have known of the deficiency in the pumps at least as early as August 25, 1967 when it shipped one of the pumps back to Connecticut to be reworked "in accordance with verbal discussions." This argument is not based on the face of the complaint, but on an invoice attached to Pall's supplemental memorandum. Moreover, the argument is contrary to the contention advanced for Pall on oral argument that the trouble with the pumps was that Consolidation had operated them improperly.

### United States as Third-Party Beneficiary

While the motion may be decided on the basis of the fact that the complaint does not show that the statute was tolled before the assignment to the United States, issues of fact will remain as to whether the alleged defect in the pumps was fraudulently concealed (as required to toll, U.C.C. 2–275) or merely not known or reasonably knowable by the United States (as required by 28 U.S.C. § 2416). It is therefore appropriate also to deal with the specific question whether the United States has a direct claim as third-party beneficiary. Again, the motion must be considered on the basis of the complaint, which alleges that Integral was informed that the pumps would become the property of the government upon delivery.

■ The general rule is that a person may claim as a third-party beneficiary if the performance of a promise "will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary." 1 Restatement of Contracts (1932) § 133.

The decision in Collings v. Bush Manufacturing Co., 256 F.2d 573 (2d Cir. 1958), is not to the contrary. Nor is the United States, as the prospective owner of the pumps, in the same situation as a stockholder of a corporation, who was denied third-party beneficiary status in Tomaso, Feitner & Lane, Inc. v. Brown, 4 N.Y.2d 391, 175 N.Y.S.2d 73, 151 N.E.2d 221 (1958), cited by Pall.

When a debtor knows that his contract is of concern to two parties, one private and one governmental, it is not unfair to give the governmental party the benefit of a governmental statute of limitations. The status of the mortgagee in State Securities Co. v. Federal Mutual Implement & Hardware Insurance Company, 204 F.Supp. 207 (D.Neb. 1960), aff'd, 308 F.2d 452 (8th Cir. 1962), was quite different. When the primary insured sets fire to the mortgaged property, it would be improper to permit any recovery on the policy unless there was a specific clause distinguishing between the insured and the loss payee.

■ Pall asserts that no prior case has given the government the rights of a third-party creditor beneficiary against a subcontractor, even on a cost-plus contract. There is a reputed principle in Academe that nothing should ever be done for the first time, but this is not the spirit of the common law. In the absence of any case denying the government third-party beneficiary status, the court will follow the principle of Lawrence v. Fox and the Restatement of Contracts.

■ Since the United States had contracted with Consolidation for the development of a coal to liquid fuel transfer process, and the complaint asserts that Integral knew of the government's interest, the promise is one which represented at least an "asserted duty" (Restatement § 133) of Consolidation to the United States for which the United States should have a direct right, and to which the federal statute of limitations is applicable.

Such recognition of third-party beneficiary rights is consistent with the principle of Lawrence v. Fox, 20 N.Y. 268 (1859). Recognition of third-party creditor beneficiary rights is particularly appropriate here where Consolidation had a cost-plus-fixed-fee contract and the United States was the party primarily injured by any delay or default in the contract or subcontract.

The claim of the United States is clearly one "founded upon any contract," and not one based on tort.

 Pall argues further that, if the United States' claim arises under the contract between Consolidation and Integral, it must stand in the shoes of Consolidation for statute of limitations purposes. This is incorrect for two reasons: (1) An "action for money damages brought by the United States . . . founded upon any contract" is subject to Sections 2415(a) and 2416(c). *Cf.* United States v. Winter, 319 F.Supp. 520 (E.D.La.1970) (rights as subrogee); United States v. Gera, 409 F.2d 117 (3d Cir. 1969), and (2) The Restatement § 133(1)(b) expressly permits a third-party creditor beneficiary to recover even though the right of the direct beneficiary has been barred by the statute of limitations.

The cases Pall relies on to treat a breach of warranty claim as a tort claim were suits by strangers to the transaction, such as a subsequent purchaser who has no direct privity with the defendant. Goldberg v. Kollsman Instrument Corp., 12 N.Y.2d 432, 240 N.Y.S.2d 592, 191 N.E.2d 81 (1963).

### *Issues of Fact Remain*

Denial of Pall's motion does not mean that the United States has established that the statute of limitations has been tolled. All that is involved on the present motion is a determination whether the complaint shows on its face that it is barred by the statute of limitations. The statutory defenses may be included in the defendants' answers, and may be the subject of discovery before trial if necessary.

Questions of tolling should normally not be decided on a motion for summary judgment, particularly where there may be a question whether knowledge is "discoverable by reasonable diligence of plaintiff and concealment by the defendants." Hoeflich v. William S. Merrell Co., *supra*, 288 F.Supp. at 662. Issues of fact remain on that point, which may be the subject of proof at the trial. At present it would appear also that the issues of knowledge and of breach are too intertwined to justify severing the statute of limitations defense for a separate trial.

It is ordered that the motion of defendant Pall be denied and that it be granted twenty days after the date of this Memorandum and Order in which to answer the complaint..