Decided November 8, 1988

# IN THE DISTRICT COURT
## FOR THE
# NORTHERN MARIANA ISLANDS

## APPELLATE DIVISION

KODEP DILUTAOCH,                    )          DCA NO. 87-9017
                                    )
      Plaintiff/Appellant,         )
                                    )
      v.                           )          OPINION
                                    )
C & S CONCRETE BLOCK PRODUCTS,      )
et al.,                             )
                                    )
      Defendants/Appellees.        )
                                    )

Attorney for Plaintiff/appellant:    DOUGLAS F. CUSHNIE, Esq.
                                     Attorney at Law
                                     P.O. Box 949
                                     Saipan, MP  96950
                                     Telephone:  (670) 234-6830

Attorney for Defendants/Appellees:   CHARLES K. NOVO-GRADAC, Esq.
                                     Attorney at Law
                                     P.O. Box 222 CHRB
                                     Saipan, MP  96950
                                     Telephone:  (670) 234-6547

Before:  LAURETA, and KING*, District Judges, and DELA CRUZ**,
        Judge.

---

\*    The Honorable Samuel P. King, Senior U.S. District Judge for
    the District of Hawaii, sitting by designation.

\*\*   The Honorable Jose S. Dela Cruz, Judge, Commonwealth Trial
    Court, Saipan, CNMI, sitting by designation.

DELA CRUZ, Judge:

This case is an appeal from the Commonwealth Trial Court following a jury verdict in favor of defendant/appellee finding plaintiff/appellant's action barred by the statute of limitations. For the reasons set forth below we now affirm.

On November 22, 1983, plaintiff/appellant Kodep Dilutaoch was injured in an accident while employed by defendant/appellee C&S Concrete Block Products, Inc. (C&S). Dilutaoch was inside a cement mixer truck when a fellow-employee activated the mixer causing his injuries.

In September, 1984, Dilutaoch retained Attorney Douglas Cushnie to represent him. Cushnie contacted Attorney James Grizzard who represented C&S at that time and began negotiations aimed at arriving at a settlement. No settlement was reached and on November 27, 1985, Cushnie filed this action. C&S answered denying the allegations contained in the complaint and raising, among others, the affirmative defense of the statute of limitations. The trial court granted C&S' motion for judgment on the pleadings and dismissed the suit without prejudice granting plaintiff leave to file an amended complaint.

On February 7, 1986, Dilutaoch filed an amended complaint almost identical to the original complaint except for the addition of several paragraphs alleging facts supporting estoppel to counter the statute of limitations defense. According to the amended complaint, Grizzard, while representing C&S, requested that no suit be filed and represented that C&S "waived" the statute of

581

limitations defense.

On C&S' motion, the trial court bifurcated the trial on the issue of statute of limitations from that of liability. During the trial, C&S offered into evidence a letter Grizzard had written to Cushnie on November 26, 1984. The letter, among other things, informed Cushnie that C&S had no insurance. It further stated that C&S unequivocally denied any liability. Dilutaoch objected to its introduction on the grounds that the letter also dealt with liability which was not at issue in the trial on the statute of limitations. The trial court overruled the objection and admitted the letter into evidence.

The jury returned a verdict in favor of C&S finding that C&S' attorney did not cause Dilutaoch's attorney to delay filing the complaint.

## ISSUES

1.  Whether the trial court incorrectly shifted to plaintiff the burden of establishing an exception to the statute of limitations.

2.  Whether the trial court abused its discretion when it bifurcated the trial on the statute of limitations from the trial on the liability of C&S.

## ANALYSIS

Plaintiff was injured on the job on November 22, 1983, and filed suit to redress his injuries on November 27, 1985, clearly more than two years after the incident. The statute of limitations in the Commonwealth for negligence actions is two

years.    Title 7 CMC § 2503.

Plaintiff claims that the trial court incorrectly shifted the burden of proof to plaintiff.  On this, he is mistaken.  The complaint on its face acknowledges that it was not filed within the two-year statute of limitations.  Defendant's answer setting out the statute as an affirmative defense shifted to plaintiff the responsibility for explaining how a complaint which indicates on its face that it was filed after the statute of limitations had run can still be pursued.[1]  See, Krupa v. Kelley, 5 Conn. Cir. 127, 245 A.2d 886 (1968).

Dilutaoch argues that the court erred in granting C&S' motion for a bifurcated trial, but he never opposed the motion in the lower court and he cannot now oppose it at the appellate level. United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir. 1983) cert. denied, 465 U.S. 1100 (1984).

Plaintiff's objection to the introduction of the letter from Grizzard is also without merit.  The decision to admit evidence is within the discretion of the trial court, Brown v. Sierra Nevada Memorial Miners Hospital, 849 F.2d 1186, 1189 (9th Cir. 1988), and Dilutaoch has failed to show that that discretion was abused.  Plaintiff objected to the introduction of the letter in the trial court on the grounds that the issue of liability was

---

[1]    There is no factual dispute that over two years elapsed between the date of the alleged injury and the date the complaint was filed.  The issue addressed by the jury was whether the plaintiff could overcome the limitations bar by virtue of his estoppel allegation.

not before the court and, therefore, irrelevant. On appeal he argues that its introduction was prejudicial. Neither ground is supported by the record.

Plaintiff's original complaint was dismissed on the pleadings when defendant raised the affirmative defense of the statute of limitation. His amended complaint raised the issue of whether defendant's attorney had somehow caused plaintiff to refrain from filing suit until after the statute of limitation had run. Plaintiff attempted to show that defendant's attorney had repeatedly represented to his attorney that Attorney Grizzard was working on various aspects of the case, including insurance, with aspirations of arriving at a settlement. The thrust of plaintiff's position was that he was waiting for defendant to provide an offer, that he was lulled into complacency by communications from defendant, and, as a result, missed the deadline.

Before estoppel can toll a statute of limitations, certain conditions must be met: 1) the party to be estopped must be apprised of the facts; 2) the other party must be ignorant of the true state of facts, and the party to be estopped must have acted so that the other party had a right to believe that the party intended its conduct to be relied upon; and 3) the other party relied on the conduct to its prejudice. <u>Golden v. Faust</u>, 766 F.2d 1339, 1341 (9th Cir. 1985). The burden is on the plaintiff to show that he has met these conditions. <u>Id.</u> However, the November 26, 1984 letter from Grizzard to Cushnie indicates that C&S did not have insurance and was denying any liability for plaintiff's

584

injuries. Thus, it cannot be said that plaintiff was ignorant of defendant's position denying liability as early as November 26, 1984, or that defendant engaged in conduct which would induce plaintiff to believe that defendant would not assert the statute of limitations.

At trial, plaintiff's attorney did not move to excise those portions of the letter which he now claims to be prejudicial. The appellate court is not the place to present an issue or objection that should have been brought at trial.

Finally, plaintiff contends as a related issue that the court erred in instructing the jury with the standard civil instruction regarding preponderance of the evidence. He argues that the trial court should have instructed the jury that the burden of proof was on defendant not plaintiff. Neither did plaintiff object to the court's instructions nor did he provide the trial court with an alternative instruction. Any objection as to the instructions given is, therefore, waived.

For the foregoing reasons the trial court is AFFIRMED.

Each party shall bear its own costs and attorney fees.

_____
Alfred Laureta
Judge

_____
Samuel P. King
Judge

_____
Jose S. Dela Cruz
Judge