FACTS
The complaint alleges the following facts. The plaintiff, Janet Kolodziej, was a resident of a first floor apartment located at 140 Winthrop Street in New Britain, Connecticut. The plaintiff lived at the apart ment pursuant to a lease agreement with the defendants, William and Barbara Barron, the owners of the subject property.
On December 9, 1995, the plaintiff was exiting the apartment by way of the back stairway when she was caused to slip and fall as a result of a danger()u condition created by the accumulation of snow and ice upon the stairway." (Pl.'s cmplt ¶ 5.) As a result of this fall, the plaintiff suffered various injuries. On January 6, 1998, the plaintiff commenced this action against the defendants in three counts, alleging respectively (1) negligence, (2) breach of contract, and (3) nuisance.[1]
On June 11, 1998, the defendants filed their answer and special defenses to the plaintiffs complaint. Particularly, the defendants' first special defense to count one alleges that the plaintiffs negligence claim is time. barred by General Statutes § 52-584. Thereafter, on July 6, 1998, the defendants moved for summary judgment with respect to counts one and two of the complaint .
On July 14, 1998, the plaintiff filed her reply to the defendants' answer and special defenses. Particularly the plaintiff filed "by way of avoidance as to the firs special defense" that the defendants should be equitably estopped from asserting their statute of limitations special defense. On August 10, 1998, the plaintiff filed her opposition to the defendants' motion to summary judgment.
With respect to the plaintiffs first count alleging negligence, the defendants argue in support of their motion for summary judgment that although the plaintiff suffered her alleged CT Page 1993 injuries on December 9 1995, she did not commence this action until January 6, 1998, over two years from the date of the alleged fall. Therefore, her first count is barred by the applicable two year- statute of limitations pursuant to General Statutes § 52-584.[2]
Similarly, with respect to the plaintiffs second count alleging breach of contract, the defendants argue that although the second count alleges breach of contract. The count is truly a count for negligence per se. Thus, the two year statute of limitations is applicable, and the plaintiff's second count is time barred.
Alternatively, with respect to count two, the defendants argue that the plaintiff was the party who actually breached the lease agreement, not the defendants, and therefore they are entitled to judgment as a matter of law.
The plaintiff argues in opposition to the defendants' motion for summary judgment (1) that her claims are time barred by General Statutes § 52-584 because e defendants are equitably estopped from raising the statute of limitations; (2) the second count of the complaint properly alleges a cause of action for breach contract; and (3) that there are genuine issues of material fact concerning whether she, or the defendants, breached the lease agreement.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue then there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "the standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue , to any material fact and that the moving party is titled to judgment as a matter of law"Bruttomesso v. N.E. Conn. Sexual Assault Crisis Serv.,242 Conn. 5, 698 A.2d 795 (1997).
"[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can be warrantably inferred." United Oil Co. v. Urban Development Commission,18 Conn. 364. 8-79, 260 A.2d 596 (1969).
"Although the moving party has the burden of presenting CT Page 1994 evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence closing the existence of such an issue'." Haesche v.Kissner, 229 Conn. 213, 217. 640 A.2d 83 (1994). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." Maffucci v. Royal ParkLimited Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1938). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 m. 756, 795, 653 A.2d 122 (1995).
 Count I
The parties do not dispute that December 9, 1995, the actual date on which the plaintiff fell and allegedly suffered her injuries. Furthermore, the riffs return attached to the complaint indicates that the plaintiff commenced this action on January 1998. Thus, under normal circumstances, the plaintiffs negligence claim would be barred by the applicable two year statute of limitations pursuant to General Statutes 52-584, and the defendant would be entitled to summary judgment on the first count of the plaintiff's complaint.
Here, however, the plaintiffs reply filed on July 15 1998, pleads by way of avoidance as to the defendants first special defense, the doctrine of equitable estoppel. Thus, before the court can render a decision on the defendants' motion for summary judgment, the court must inquire as to whether the plaintiff is entitled to maintain her negligence claim, notwithstanding the fact that the statute of limitations has run.
The plaintiff maintains that the defendant is equitably estopped with respect to the first count because the defendants' insurer in this action repeatedly misrepresented the date of the accident (as January 6. 1996, and not December 9, 1995), to the plaintiff's former attorney.[3] As such, the plaintiff argues, the defendants' insurer, (1) misrepresented the length of the limitations period to the plaintiff's former counsel, and (2) the defendants' insurer 'lulled" the plaintiff's former counsel into believing the date of the accident was January 6, 1996, thereby causing the delay of the commencement of this action.
By way of additional background, the plaintiff retained her CT Page 1995 former counsel to represent her in this action in February 1996. On February 7, 1996, the plaintiffs counsel wrote the defendants' insurer requesting that he be contacted regarding the plaintiffs fall at the insureds' premises. In response, the defendants' insurer wrote to the plaintiffs counsel on a number of occasions,[4] and each time the defendants' insurer indicated that although its insureds' liability was questionable, it was willing to settle the claim. Pivotal to this discussion, however, is the fact that in each of the defendants' insurer's letters to the plaintiffs former counsel, the insurer listed in a heading immediately preceding the body of the letter "Date of loss 1-6-96." (Pl.'s Mem. Opp, Exhibits B, C, D, E, F.) It is this "misrepresentation" that the plaintiff argues equitably estops the defendants from asserting the two year statute of limitations
"Two essential elements must be proved by the party claiming equitable estoppel in order to have the doctrine apply [t]he party against whom estoppel is claimed must do or say something calculated or in tended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts. thereby incurring some injury" (Internal quotation marks omitted.) Lunn v. Tokeneke Assn., Inc., 227 Conn. 601, 607.630 A.2d 1335 (1993) Carroll v. Safeco Insurance, Superior Court, judicial district of Waterbury, Docket No. 117750, 11 CONN. L. RPTR. 271 (April 5, 1994) (Sullivan. J.).
Under the present circumstances, however, the plaintiff argues that it was the defendant's insurer, not the defendants themselves, who misled the plaintiff with respect to the applicable limitations period. Thus, an analysis of cases pertaining to equitable estoppel in the insurance context is appropriate.
"An insurance company who misleads a claimant about the statute of limitations may be estopped from asserting the statute of limitations." Carroll v. Safeco, Insurance, supra, Superior Court, Docket No. 117750. CONN. L. RPTR 271 Krupa v. Kelley, 5 Conn. Cir. 127, 245 A.2d 886 (App.Div. 1968). "Equitable estoppel is in cases [concerning the statute of limitations] where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay bringing his lawsuit. This doctrine is applicable here the defendant has either misrepresented the length of the limitations period or lulled the plaintiff into believing that it was not necessary for him to CT Page 1996 commence litigation." (Internal quotation marks omitted.) Consoliv. Clarke, Superior Court, judicial district Hartford-New Britain at Hartford, Docket No. 556499, 18 CONN. L. RPTR. 363 (December 10, 1996) Wagner, JTR.). "The defendants are entitled to rely on the [s]tatute of [l]imitations as a defense to this action and are not liable for damages occasioned to the plaintiffs by the running of the statute unless the defendants' conduct or representations were directed to the very point of obtaining the delay of which the defendants afterward sought to take advantage by pleading the statute." (Emphasis added.) Carroll v. SafecoInsurance, supra, Superior Court, Docket No. 117750. 11 CONN. L. RPTR 27]; Lippit v. Ashley, 89 Conn. 451, 480, 94 A. 995 (19151. "It is. . . well established that mere negotiations toward an amicable settlement afford no basis for an estoppel, nor do mistakes, misunderstandings or lack of knowledge in themselves toll the running of the statute." (Emphasis added; internal quotations marks omitted.) Krupa v. Kelley, supra. 5 Conn. Cir. 132; Carroll v. Safeco Insurance, supra, Superior Court, Docket No. 117750, 11 CONN. L. RPTR. 271; Consoli v. Clarke, supra, Superior Court, Docket No. 556499. 18 CONN. 1. RPTR 363.
Presently, the plaintiff has not met her burden that the defendants' insurer's inclusion of the inaccurate rate of loss in its correspondence with the plaintiffs former counsel was "directed to the very point of obtaining the delay" of which the defendants now seek take advantage by pleading the statute of limitations. To the contrary, the insurer's inclusion of the accurate date of loss appears to be a mistake, something of which does not afford a basis for equitable estoppel.
Additionally, although the plaintiff claims that the insurers "misrepresentation" lulled her former counsel into relying on an inaccurate date for purposes of statute of limitations, that is not the correct standard with which to gauge the defendant's insurer's conduct. Rather, the applicable standard statutes that the insurer's lulling the plaintiff into believing that it is not necessary for her to commence the litigation t is subject to the equitable estoppel doctrine. Consoli v. Clarke, supra, Superior Court, Docket No. 556499, 18 CONN. L. RPTR 363 (equitable estoppel applies "where the defendant has. . . lulled the plaintiff into believing that it was not necessary for him commence litigation"). Here, that was not case.
The insurer's correspondence to the plaintiffs former counsel made no representations that the plaint should not file suit in CT Page 1997 this matter. Despite the insurers attempts to settle the potential claim in virtually eve letter .sent to the plaintiff's former counsel, the insurer repeatedly indicated that liability on the part of its insureds was questionable. (Pl.'s Mem. opp., Exhibits B, C, D, E, F.) Thus. it was not reasonable for the plaintiffs former counsel to believe that the insurer would not contest liability if the plaintiff demanded more than the settlement offer, which initially started at $400, but never exceeded $1000.
Indeed, the March 31, 1997 letter from the insurer to the plaintiffs former counsel points out that fifteen months had passed. "post accident." and that the insurer "viewed the claim as one with very question able liability." (Pl.'s Mern. Opp., Exhibit F.) From this last letter, the plaintiffs counsel should have known that the two year statute of limitations period was approaching, and that he should take the appropriate steps to protect his client's interests.[5]
In sum, the court can find no intentional, or calculated conduct on the part of the defendants' insurer to misrepresent to the plaintiff the limitations period The inclusion of the January 6, 1996 "date of loss" in the insurer's letters, standing alone as the only evidence of any alleged wrong-doing on the part of the insurer, is simply not sufficient to justify the application of the equitable estoppel doctrine here. The inaccurate "date of loss" is more akin to a mistaken belief on the part of the defendants' insurer than a misrepresentation designed to mislead the plaintiff's counsel of the limitations period.
In addition, the defendant did not engage in an conduct calculated to "lull" the plaintiff into believing that she should not file suit within the limitation period. To the contrary, from the face of the insurer's correspondence to the plaintiffs former counsel, it is apparent that if the plaintiff rejected the insurer'. settlement offers, her only recourse against the defendants was to file a civil action. Accordingly, the c our finds that the plaintiff has failed to carry her burden with respect to her claim for equitable estoppel, and the defendant is entitled to summary judgment on the first count of the complaint as the plaintiffs claim is time barred by General Statutes §52-584.
 Count II CT Page 1998
With respect to the second count of the complaint the defendants argue in support of their motion for summary that the count actually sounds in "negligence" and not contract, and therefore the count truly alleges negligence per se. As such, the second count, like the first count, is subject to the two year statute of limitations and the defendant is entitled to summary judgment. The court, however, disagrees.
It is well established in Connecticut that "[s]ome complaints state a cause of action in both contract and tort. Prosser, Law of Torts, p. 621 (4th Ed. 1971). When rules governing contract actions conflict with those governing tort actions, courts sometimes characterize an action as either contract or tort and choose the applicable rule accordingly. . . Unless a particular conflict between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort, or both. Watrous v. Sinoway, 135 Conn. 425, 426, 65 A.2d 473
(1949); Dean v. Hershowitz, 119 Conn. 398. 406, 177A.2d 262 (1935); Hickey v. Slattery, 103 Conn. 716, 719, 131 A. 558
(1926); Hitchcock v. New Haven Trust Co., 134 Conn. 246, 259, 56 A.2d Z5 (1947), overruled on other grounds, Tuohey v. Martinjack,119 Conn. 500, 507, 177 A. 721 (1935)." Walton v. Burdick,184 Conn. 194 199-Z)0, 939 A.2d 12 (1981).
Here, the plaintiff has chosen to proceed in both tort and contract. Further, the fact that the plaintiffs tort and contract claims arise from a similer factual background does not preclude her from proceeding under both theories of recovery simultaneously. See Dean v. Hershowitz, 119 Conn. 398, 406,177 A.2d 262 (1935) (plaintiff properly alleged tort and contract claims arising under same facts). Consequently, the defendants' motion for summary judgment as to count two of the complaint, a contract claim, based upon General Statutes § 52-584, the negligence statute of limitations, is improper.
Furthermore, the court finds that based upon the parties' affidavits and exhibits, a genuine issue of material fact exists as to whether the plaintiff, or the defendants, breached the lease agreement.
Accordingly, the defendants' motion for summary judgment with respect to the first count of the complaint is granted. The defendants' motion for summary judgment with respect to the second count of the plaintiff's complaint is denied. CT Page 1999
LEHENY, J.