WILLIAM BLOCK, Plaintiff, *v.* ISIDOR GREENFIELD, Defendant.

City Court of New York, New York County, May 24, 1930.

*Edward Copeland*, for the plaintiff.

*Hirsh, Newman & Reass* [*Leonard Manheim* of counsel], for the defendant.

SHIENTAG, J. Plaintiff and defendant were the sole stockholders in a corporation known as Green Mills, Inc. They decided to dissolve the corporation and so agreed. In order to permit the withdrawal of the capital, it was agreed to cancel all outstanding contracts with the exception of one with the Bedford Mills, Inc., for the purchase of cotton piece goods. The defendant was interested in a business using similar goods and requested plaintiff to permit such contract to remain in force, defendant in consideration thereof agreeing to assume it and to hold plaintiff harmless. To this arrangement plaintiff consented. Defendant breached the Bedford Mills contract, whereupon that company sued the Green Mills Company for the damages it sustained by reason of the breach, and

recovered judgment. Execution on the judgment having been returned unsatisfied, it sought to secure payment from plaintiff and defendant upon the well-known principle embodied in the Stock Corporation Law making the stockholders and directors liable for the distribution of corporate assets while corporate obligations are outstanding. The claim of Bedford Mills, Inc., was compromised by the payment of $2,500, of which amount plaintiff paid $1,250. This action is brought by plaintiff to recover the amount of such payment. Defendant claims that the assumption agreement is one within the Statute of Frauds (Pers. Prop. Law, § 31, subd. 2), and, since not in writing, void. The determination of this action is dependent upon whether the agreement of defendant and plaintiff is original or collateral. An original promise is generally held to be one in which the primary object of the promisor is to subserve or promote some personal interest of his own, although the incidental effect may be to pay the debt of another. A collateral promise is one in which the object is to become the surety or guarantor of the existing debt of another. The former is without the statute, the latter within. Here the defendant, in consideration of the contract being kept alive for his benefit, agreed to assume its burdens. His object was not to become a guarantor or surety of the existing debt, but to become the principal debtor. In such cases the authorities hold that the promise is not within the statute. (*White* v. *Rintoul*, 108 N. Y. 222; *Ackley* v. *Parmenter*, 98 id. 425.) Furthermore, the promise was not one made to the creditor, and hence is not within the statute, which applies only to oral promises made to a person to whom another is answerable. (*Tighe* v. *Morrison*, 116 N. Y. 263; *Conkey* v. *Hopkins*, 17 Johns. 113; *Jones* v. *Bacon*, 145 N. Y. 446.) The payment by plaintiff to the Bedford Mills, Inc., pursuant to the compromise effected with that company, was in no sense a voluntary one. So far as the Bedford Mills was concerned the plaintiff and defendant were jointly and severally liable for the full amount of its claim.

Judgment is accordingly directed in favor of the plaintiff and against the defendant for the relief demanded in the complaint. Exception to defendant, who is allowed a ten days' stay of execution and thirty days to make a case. Settle order on notice.