*393
 

 Per Curiam.
 

 In this action by plaintiff advertising agency to recover from defendant, stockholder of a corporation, the unpaid balance owing for advertising services (and expenses in connection therewith) rendered to the corporation, the Statute of Frauds (Personal Property Law, § 31, subd. 2) is no defense. The oral promise by defendant to make moneys available to the corporation was made not to plaintiff but to the corporation debtor
 
 (O’Connor
 
 v.
 
 Bankers Trust Co.,
 
 159 Misc. 920, 932, affd. 253 App. Div. 714, affd. 278 N. Y. 649;
 
 Barker
 
 v.
 
 Bucklin,
 
 2 Denio 45, 60; 2 Corbin on Contracts, § 357; 2 Williston on Contracts [Rev. ed.], § 460; 49 Am. Jur., Statute of Frauds, 438 — 439; Restatement, Contracts, § 180, comment
 
 c;
 
 see, also,
 
 Tighe
 
 v.
 
 Morrison,
 
 116 N. Y. 263, 270;
 
 Barker
 
 v.
 
 Bradley,
 
 42 N. Y. 316;
 
 Block
 
 v.
 
 Greenfield,
 
 137 Misc. 573;
 
 Eastwood
 
 v.
 
 Kenyon,
 
 11 A. & E. 438, 445; 32 N. Y. U. L. Rev. 1395). Since, however, plaintiff is at best an incidental beneficiary rather than a third-party creditor beneficiary, it may not enforce the agreement made between defendant and the corporation.
 

 Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
 

 Judgment affirmed, with costs.