GUINN COMPANY, Inc., Appellant,

v.

Olga M. MAZZA, Appellee.

No. 16408.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 1, 1961.

Decided Nov. 30, 1961.

Mr. Samuel B. Groner, Silver Springs, Md., for appellant.

Mr. J. Hampton Baumgartner, Jr., Washington, D. C., with whom Mr. Allen Jones, Jr., Washington, D. C., was on the brief, for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

The District Court granted summary judgment to the appellee Mazza, defendant in that court, in an action by Guinn Company to recover money claimed to be due for printing work which Guinn performed for Togor Publications, Inc., publisher of the magazine "Bounty."

The complaint alleges that at a time when Togor was heavily indebted to Guinn for printing prior issues of "Bounty" Guinn refused to extend further credit unless payment or "acceptable assurances" were forthcoming. The complaint describes Mazza as "closely connected with and involved and interested" in and a board member of Togor who financed Togor's activities. It also alleges that on July 2d and 3d, 1956, Mazza agreed to lend Togor $150,000 and "communicated and expressed this * * * promise to" Guinn assuring the latter that Guinn could rely on this loan and "to go ahead with * * * printing * * * the August 1956 issue of 'Bounty' * * * in reliance on [Mazza's] promise * *." It was stipulated, for purposes of the motion for summary judgment that Mazza was to get stock in Togor for making the advance of $150,000.

Thereafter Guinn printed the magazine in reliance on the oral "promise, statements and assurances" of Mazza but Mazza has never advanced any money to Togor and Togor has not paid Guinn.

■ Appellant's pre-trial statement declares:

This case was brought to enforce a promise made by defendant [Mazza] to plaintiff [Guinn] to guarantee the price of certain printing work by plaintiff for \* \* \* Togor \* \* \* relied on by [Guinn].

It is agreed that New York law governs the relations and claims of the parties. Judge McGuire in the District Court viewed the case as one in which Guinn was asserting an oral promise by Mazza to answer for the debt, default or miscarriage of another and hence barred under the New York Statute of Frauds,[1] or alternatively that it was a claimed contract for the benefit of a third party, which could not be maintained because Guinn was no more than an incidental beneficiary of Mazza's promise. We agree with Judge McGuire's analysis and conclusions. For our purposes, as was the case in the District Court, we must treat Guinn's allegations as true.

### (1)

■ To the extent Guinn relies on the oral communication from Mazza, whether we view this as an "assurance" or a "promise" or an "agreement" it is an undertaking which falls squarely within the controlling New York Statute of Frauds.[2] There is no claim here that Mazza was to pay Guinn for printing costs; Mazza simply gave "assurances" or "guarantees" to Guinn that Mazza would advance money to Togor and that payment would ultimately be made by Togor. Togor remained originally liable on the debt. Since the authorities agree that

if as between all the parties the original debtor remains primarily liable, the oral undertaking by the new promisor (here Mazza) is a promise to answer for the debt of another and thus is barred by the Statute of Frauds unless put in writing. E.g., Bulkley v. Shaw, 289 N.Y. 133, 44 N.E.2d 398 (1942). The settled law of the matter is stated at 3 Williston On Contracts § 481A (3d ed. Jaeger 1960):

"Ordinarily, there is no individual liability on the part of a stockholder for the debts of a corporation. His promise to pay such a debt is in a strict sense the promise to answer for the debt of another; and such a promise, if oral, is unenforceable under the Statute of Frauds.

\*    \*    \*    \*    \*    \*

"In other words, where the oral promise of a stockholder to pay the debt of a corporation is collateral in form and effect, and the consideration, therefore, is not to secure or promote some personal object or advantage of the promisor, as distinguished from the indirect benefit to him from the mere fact of his being a stockholder of the corporation, the promise is within the statute."

### (2)

■ Viewing the promise sued upon by Guinn as a promise made by Mazza to Togor, we must then consider whether Guinn is a third party beneficiary with standing to enforce Mazza's promise.

Appellant's claim (in this respect as a third party beneficiary) is not well founded, for Guinn was at most an incidental beneficiary of the alleged agreement between Mazza and Togor. Tomaso, Feitner & Lane, Inc. v. Brown, 4 N.Y.2d 391, 175 N.Y.S.2d 73, 151 N.E.2d 221 (1958). The loan was promised primarily to keep Togor in business for the benefit of its

1.  N.Y.Pers.Prop.Law, § 31, subd. 2 (40 McKinney).

2.  "§ 31. Agreements required to be in writing.
    "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking;
    \*    \*    \*    \*    \*
    "2. Is a special promise to answer for the debt, default or miscarriage of another person;"

stockholders and employees, including the promisor and promisee. While Guinn would benefit indirectly from this consequence, that would have been incidental to the prime purposes of the parties. Cf., Seaver v. Ransom, 224 N.Y. 233, 120 N.E. 639, 2 A.L.R. 1187 (1918). See Restatement, Contracts § 133 (1932); 2 Williston On Contacts § 402 (3d ed. Jaeger 1960).

Affirmed.