**SECURITY NATIONAL BANK,**
**Appellant,**

v.

**Jacob C. LISH, Appellee.**

**No. 7024.**

District of Columbia Court of Appeals.

Argued April 4, 1973.

Decided Dec. 3, 1973.

Leonard C. Collins, Washington, D.C., for appellant.

John J. O'Neill, Jr., Washington, D. C., for appellee.

Before KELLY, FICKLING and HARRIS, Associate Judges.

---

HARRIS, Associate Judge:

Security National Bank (Security) sued appellee Lish, an attorney, for losses sustained on a loan which had been made by the bank to a third party. The trial court granted defendant's motion for summary judgment, based upon the fact that no attorney-client relationship existed between Security and Lish.[1]  We reverse.

In the fall of 1969, Lish represented A. Bolling Newsome, as well as Newsome's then-employer which did business with Security.  Lish is an attorney of considerable experience, and he was well known to officials of the bank through prior transactions. Newsome wanted to borrow $25,000, and circumstances led him to seek a personal loan in that amount from Security.

■  As collateral for the loan, Newsome offered his partial interests in certain real property.  Lish apparently believed that Newsome was in a position to execute valid second trust instruments to secure the loan, and that belief was conveyed by him to Security.[2]  The bank made the $25,000 loan to Newsome without having a title search made.  A few days thereafter, Lish wrote the bank confirming that it was the holder of a second trust on one piece of property and, with respect to a second piece of property, that there was only a $1,000 second trust balance standing between the first trust and Security's interest.[3]

Newsome defaulted on the loan, whereupon it came to light that there had been a previously existing $12,000 second trust on one piece of property which was superior to Security's interest.  When the dust finally settled, Security had lost $7,500 on the transaction.  It wrote off $1,500 of that amount as uncollectible, and sought recovery of the remaining $6,000 from Lish.

The trial court's granting of the motion for summary judgment was based upon "the undisputed facts that plaintiff did not employ defendant to search the title, and that a lawyer-client relationship did not exist between Security National Bank and the defendant".  That finding appears to be factually accurate, but it does not follow that Lish thereby became insulated from possible liability as a matter of law.

■  It is obvious that an attorney does not owe members of the general public the same duty which he owes to his client. National Savings Bank of the District of Columbia v. Ward, 100 U.S. 195, 25 L.Ed. 621 (1880).  However, in appropriate circumstances, an attorney is not exempt from the general principle that "one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all."  Glanzer v. Shepard, 233 N.Y. 236, 135 N.E. 275, 276 (1922).

■  One engaged in supplying information has a duty to exercise reasonable care.  Generally, this duty does not extend beyond one's employer.  Ultramares Corp.

1.  Super.Ct.Civ.R. 56(c) provides that a motion for summary judgment shall be granted only if the pleadings and other documents in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The trial court's decision was based entirely on the law, and did not address the question of whether material issues of fact were present.  See Malcolm Price, Inc. v. Sloane, D.C.App., 308 A.2d 779 (1973).

2.  There having been no trial, the facts of record are rather limited.  In considering a motion for summary judgment, a court must accept as true the allegations of the party opposing the motion.  Guinn Co. v. Mazza, 111 U.S.App.D.C. 319, 296 F.2d 441 (1961).  We set forth here our understanding of the basic facts, without intending to limit the presentation or evaluation of the evidence to be adduced at trial.

3.  It appears that a single piece of property originally was offered as security for the loan, but that two other property interests were substituted during negotiations.

v. Touche, 255 N.Y. 170, 174 N.E. 441 (1931). However, there is a recognized exception to this general rule. Where information is supplied directly to a third party (or indirectly for the benefit of a specific third party), then the same duty of reasonable care exists, notwithstanding a lack of privity. Glanzer v. Shepard, *supra.* The validity of the principles enunciated by Justice Cardozo in the *Ultramares* and *Glanzer* cases was recognized by this court in Long v. American Savings & Loan Association, D.C.Mun.App., 151 A.2d 770 (1959). *See also* Restatement of Torts § 552 (1939); Prosser on Torts § 107 (4th ed. 1971).

In *Long, supra,* this court applied the general rule, holding that a title company employed by a savings and loan association was not liable for negligence to one who applied to the association for a loan. The exception was held to be applicable in Spargnapani v. Wright, D.C.Mun.App., 110 A.2d 82 (1954), in which a real estate broker was held liable for a false statement made by its employee. The employee had told a prospective purchaser that a certain house could be heated inexpensively. In partial reliance on that representation, the customer bought the house. Later, the buyer learned that the heating plant was defective and did not work at all. This court held the broker liable for the innocent misrepresentations of its employee.

■ A lawyer scarcely may be held to a lesser standard of care, simply because his inaccurate representations (however innocently made) are conveyed to a non-client. We express no opinion on the ultimate liability question; that remains for trial. However, we do conclude that the court below erred in disposing of this case as a matter of law. Genuine issues of material fact are present, and the action must be remanded.

Reversed and remanded.