**Vivian M. MERTENS, Plaintiff-Respondent,**

v.

**MGR INCORPORATED, a corporation, and Jerome M. Mertens, Defendants,**

**Jerome M. Mertens, Defendant-Appellant (two cases).**

Nos. 35293, 35294.

Missouri Court of Appeals,
St. Louis District,
Division 1.

March 12, 1974.

---

Dempsey, Dempsey & McCarthy, Richard B. Dempsey, St. Louis, for defendant-appellant.

Hessel & Hessel, Mildred R. Hessel, Clayton, for plaintiff-repondent.

DOWD, Chief Judge.

These contract actions were instituted in St. Louis County Magistrate Court and were appealed to the Circuit Court of St. Louis County. The defendant, Jerome M. Mertens, has appealed from adverse judgments in both actions. We granted the appellant's motion for consolidation of these appeals.

These cases were submitted on stipulated facts to the trial court. The defendant MGR Incorporated (hereinafter MGR) owned and operated a restaurant known as London Char in Clayton, Missouri. Louis F. Mertens, now deceased, was employed by MGR as the manager of London Char.

Vivian M. Mertens was employed by MGR as a "cook and salad girl" at London Char. On April 1, 1970, $850 was owed to Louis Mertens and $490 was owed to Vivian Mertens as unpaid salary.

Jerome M. Mertens, the appellant, John Ross and Joseph Gallagher, Jr. were the owners of all the outstanding stock of MGR and were the officers and directors of that corporation. On April 1, 1970, an agreement was entered into among appellant, Ross, Gallagher and MGR, the pertinent parts of which are as follows:

"WHEREAS, 'Company' [MGR] operates a certain restaurant business * * * under the name of 'London Char'; and * * *

"WHEREAS, in order to raise sufficient operating capital to finance the operation of the business known as "London Char', it was necessary for the parties herein to contract with the Arnold Savings Bank of Arnold, Missouri, to obtain borrowed funds for said purpose and as part consideration for the loan of such monies by the aforesaid Bank, it was necessary for the named parties herein to guarantee the payment by the Company of said obligations to said Bank; and

"WHEREAS, Mertens is desirous of acquiring all of the common stock presently held by Ross and Gallagher in order that he will own all of the issued and outstanding shares of stock of the Company, provided that Ross and Gallagher will each pay one-third (⅓) of the outstanding indebtedness due Arnold Savings Bank to diminish the notes payable accounts of the Company; and

"WHEREAS, Ross and Gallagher are each desirous of selling all of their issued and outstanding shares of stock to Mertens and are each willing to pay one-third (⅓) of the total outstanding indebtedness due Arnold Savings Bank as of the date of the execution of this agreement, only if Mertens and the Company will

pay off the remainder of the indebtedness due the Arnold Savings Bank and all other present indebtedness due all creditors of the corporation and agree to hold Gallagher and Ross harmless from any and all claims resulting from such indebtedness.

"NOW, THERFORE, for and in consideration of the premises and of the mutual covenants and agreements contained herein and for the sums hereinafter determined, the parties hereto mutually agree as follows: * * *

* * * * * *

"5. The current and long-term liabilities of the Company, other than the aforesaid Arnold Savings Bank obligations, are more particularly set out in Schedule A attached hereto and are incorporated herein by reference and total in the aggregate sum of $32,507.96.

"It is understood and agreed that Mertens and Company shall pay all of the outstanding indebtedness and all the creditors of the Company, including but not limited to those accounts and creditors listed on the attached Schedule A, and that Gallagher and Ross shall not be liable for any such obligations, debts, liabilities or commitments of Mertens or the Company, except only those expressly assumed hereunder to Arnold Savings Bank. * * *

"6. Mertens and the Company warrant and represent as follows:

* * * * * *

"c. Mertens and the Company will pay or otherwise satisfy all liabilities owed by the Company, contingent or fixed, known or unknown, and Ross and Gallagher shall not be liable for any obligations, debts, liabilities or commitments of the Company or Mertens. In this regard, Mertens and MGR., INCORPORATED, shall remain liable for and will hold Ross and Gallagher harmless from any and all debts, obligations, claims, demands and liabilities of any kind whatsoever arising from any act or omission of MGR., INCORPORATED, in the conduct of its business. * * *"

Louis and Vivian Mertens brought these actions against MGR and Jerome Mertens for the amounts of their unpaid salaries owed at the time the agreement was made. The parties stipulated that the plaintiffs were entitled to judgments against MGR in these amounts and that the sole question for the trial court was whether judgment for the same amounts should be entered in favor of the plaintiffs and against Jerome Mertens under the agreement set out above. Vivian Mertens was substituted as plaintiff upon the death of her husband, Louis.

The trial court entered judgment in favor of Vivian Mertens in both actions against MGR and Jerome Mertens. Jerome Mertens appealed. Vivian Mertens will be referred to as respondent and Jerome Mertens as appellant throughout this consolidated appeal.

The appellant asserts that the respondent and her deceased husband were incidental beneficiaries of the agreement, and were not, therefore, entitled to sue under that agreement. We agree.

The Restatement of Contracts, § 133 provides:

"(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is, * * *

(a) a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary;

(b) a creditor beneficiary if no purpose to make a gift appears from the

terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, or a right of the beneficiary against the promisee which has been barred by the Statute of Limitations or by a discharge in bankruptcy, or which is unenforceable because of the Statute of Frauds;

(c) an incidental beneficiary if neither the facts stated in Clause (a) nor those stated in Clause (b) exist."

This court adopted these definitions, and in determining whether a party can sue to enforce a contract to which he is not a party held that the test is whether the benefit to the third person is direct to him or merely incidental and the person claiming to be a third party beneficiary has the burden of showing that the provisions in the contract were for his direct benefit. Black and White Cabs of St. Louis, Inc. v. Smith, 370 S.W.2d 669, 674 (Mo.App.1963).

It is apparent from the facts and the agreement that the respondent and her deceased husband were merely incidental beneficiaries. The main purpose of the agreement is expressed within its terms, that is, to indemnify Ross and Gallagher and permit the appellant to acquire all the outstanding stock of MGR. Ross and Gallagher, being the promisees of the indemnification portion, could not be said to have had the purpose of making a gift to respondent or her husband making them donee beneficiaries. Likewise, we are unable to find an actual, supposed or asserted duty owed by Ross and Gallagher which would have created the status of credit beneficiaries. The record is devoid of any fact which would lead to the conclusion that Ross and Gallagher became personally liable for the debts of the corporation due to their being stockholders, officers or directors of the corporation. Without any indication of intent to make a gift, confer a right or satisfy a duty, respondent and her husband were mere incidental beneficiaries at best. They were not entitled to recovery on the appellant's agreement with Ross and Gallagher. *Black and White Cabs,* supra, at 674; Guinn Co. v. Mazza, 111 U.S.App.D.C. 319, 296 F.2d 441 (1961); Tomaso, Feitner & Lane, Inc. v. Brown, 4 N.Y.2d 391, 175 N.Y.S.2d 73, 151 N.E.2d 221 (1958).

Respondent argues that where a contract creates a right in favor of a third person the law presumes that the party to the contract intended to confer benefits on the third person, citing *Black and White Cabs,* supra, 370 S.W.2d at 675 [4]. While this is a correct statement of the law, it has no application to this appeal. There was no right created by this agreement in favor of the respondent. The agreement deals only with the interrelationship of the company and its stockholders. In *Black and White Cabs,* the agreement expressly provided that the stock must be offered to the corporation creating a right in the corporation which it could sue to enforce. The agreement here created no such right in Louis or Vivian Mertens. It did not have the effect of making Jerome Mertens personally liable for debts of which neither he nor Ross and Gallagher would have been personally liable prior to the agreement.

We hold, therefore, that no right to recover the amounts of the unpaid salaries from Jerome Mertens was created by the agreement set out above and the respondent was not a third-party beneficiary entitled to sue under that agreement. We reverse and remand for proceedings consistent with this opinion.

WEIER and KELLY, JJ., concur.