STATE of Missouri ex rel. Carl
HAILS et al., Relators,

v.

Honorable Herbert K. LASKY, Judge of
the Circuit Court, St. Louis
County, Respondent.

No. 38125.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 4, 1977.

Motion for Rehearing or Transfer
Denied Feb. 16, 1977.

Application to Transfer Denied
March 14, 1977.

Roberts & Roberts, Raymond R. Roberts, Farmington, for realtors L. J. Mueller and Frank J. McDowell.

Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, P. C., Mary J. Lake, Hillsboro, for realtor Carl Hails.

W. W. Sleater, St. Louis, for respondent.

McMILLIAN, Presiding Judge.

This is an original proceeding to prohibit Honorable Herbert K. Lasky, Judge of the Circuit Court of St. Louis County, from proceeding further in a cause pending before him on the ground of improper venue.

Defendants-relators, Carl Hails, Frank J. McDowell and L. J. Mueller, were served with summons and a copy of a petition in a cause entitled, "*Ladue-Innerbelt Bank and Trust Co. v. McHarevo Development Corp., Carl Hails, Frank J. McDowell and L. J. Mueller,*" filed in the Circuit Court of St. Louis County, Missouri. The action was based on the alleged failure of defendant McHarevo Development Corporation to remit certain sums due plaintiff bank under the terms of a management agreement between McHarevo and a third party. The individual defendants were alleged to be guarantors of the corporation's indebtedness under a guaranty agreement with the bank. Motions to dismiss were filed on behalf of relators claiming improper venue, inasmuch as each relator was a resident of St. Francois County, Missouri, none of the

relators were served in St. Louis County, and defendant McHarevo Development Corporation was a Missouri Corporation located and maintaining its only office for conduct of business in St. Francois County, Missouri. Defendant McHarevo subsequently entered a special appearance and also moved to dismiss for improper venue.[1]

The trial court, respondent herein, overruled the motions to dismiss and required relators to proceed with the cause on the merits. On relators' petition, a preliminary rule was granted by this court.

■ It is well-established that lack of venue is a defect of a jurisdictional nature which authorizes issuance of prohibition. *State ex rel. Garrison Wagner Co. v. Schaaf,* 528 S.W.2d 438 (Mo. banc 1975); *State ex rel. Spradling v. Bondurant,* 501 S.W.2d 527, 529 (Mo.App.1973). The question before us, then, is whether venue is proper in St. Louis County, Missouri, so that respondent may proceed to hear and determine the cause on the merits.

The pertinent venue statutes are § 508.010, RSMo 1969,[2] which reads as follows:

"Suits instituted by summons shall, except as otherwise provided by law, be brought:

"(1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found;

"(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;

\* \* \* \* \* \*

"(4) When all the defendants are nonresidents of the state, suit may be brought in any county in this state;

\* \* \* \* \* \*

"(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state; provided, however, that in any action for defamation or for invasion of privacy the cause of action shall be deemed to have accrued in the county in which the defamation or invasion was first published."

And in § 508.040:

"Suits against corporations shall be commenced either in the county where the cause of action accrued, or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this state, then in either of such counties, or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

Respondent contends that venue is proper in St. Louis County under § 508.040 because the cause of action for breach of the management contract accrued in St. Louis County. In further attempts to support the jurisdiction of respondent, counsel asserts that the petition below alleged a cause of action sounding in tort thereby authorizing venue under § 508.010(6). We consider these contentions in reverse order.

■ To determine the character of the action alleged below, whether ex contractu or ex delicto, it is necessary to ascertain the source of the duty claimed to have been violated. "If this duty is one imposed merely by the contract, then any action for the breach thereof is necessarily ex contractu. [Citation omitted.] On the other hand, if a party sues for breach of duty prescribed by law as an incident of the relation or

---

1. There is considerable dispute between the parties as to whether defendant McHarevo Development Corporation was actually served with process in St. Francois County. We have been informed by the parties that the trial court granted a default and inquiry against McHarevo shortly before we issued our preliminary rule. However, in view of our decision in this case to make our provisional rule in prohibition absolute, we need not pass on the questions raised by the trial court's actions.

2. All statutory references are to RSMo 1969.

status which the parties have created by their agreement, the action may be one in tort, even though the breach of duty may also be a violation of the terms of the contract. [Citation omitted.] In such a case, the party has a choice whether to proceed in tort for violation of the duty imposed by law, or by an action on the contract for breach of the contractual obligation. Also, there may be extraneous circumstances in connection with the contract, but not constituting elements thereof which will give rise to an action in tort." *State ex rel. Cummins Missouri Diesel Sales Corp. v. Eversole,* 332 S.W.2d 53, 57–58 (Mo.App. 1960). In the case at bar, it is plain that the breach of duty which is the basis of plaintiff's claim is one which arose under the management contract concerning defendant McHarevo Development Corporation's obligation to pay certain sums to plaintiff, and not a breach of duty imposed by law. Absent the management agreement, there would be no independent duty at law for the corporate and individual defendants to pay the sums in question to plaintiff. Further, the action alleged is not based on circumstances independent of the agreement. Section 508.010(6) is not applicable here.

■ Both parties have based their primary arguments to this court on the assumption that § 508.040, is controlling in ascertaining proper venue and have expended considerable effort in determining where the underlying cause of action accrued. However, it has long been established in Missouri that where one or more corporations are sued with one or more individuals, § 508.040 is inapplicable and venue is determined by the general venue statue, § 508.010. *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62, 65 (Banc 1956); *State ex rel. Baker v. Goodman,* 364 Mo. 1202, 274 S.W.2d 293 (Banc 1954); *State ex rel. Columbia Nat. Bank of Kansas City v. Davis,* 314 Mo. 373, 284 S.W. 464, 470 (Banc 1926); see *State ex rel. Garrison Wagner Co. v. Schaaf,* 528 S.W.2d 438, 441 (Mo. banc 1975).

■■ Under § 508.010(1), we find venue is not proper in St. Louis County. It is not disputed that all individual defendants, relators herein, are residents of St. Francois County, Missouri, and that none of the individual defendants was served in St. Louis County. The residence of a corporation for venue purposes is deemed to be in the county where its registered office is maintained. *State ex rel. Whiteman v. James,* 364 Mo. 589, 265 S.W.2d 298, 299–300 (1954). Relators contend that the corporate defendant maintains its only office for the conduct of business in St. Francois County. Respondent does not claim that McHarevo's registered office is in St. Louis County; in fact, plaintiff's petition specifies relator Hails as the corporation's registered agent located at the registered office in St. Francois County. Under these facts, it is apparent venue is not proper in St. Louis County. See *Helfer v. Hamburg Quarry Co.,* 208 Mo.App. 58, 233 S.W. 275 (1921) for a similar situation.

Our provisional rule in prohibition is made absolute.

STEWART and RENDLEN, JJ., concur.