STATE of Missouri ex rel. McHAREVO DEVELOPMENT CORPORATION, a Missouri Corporation, Relator,

v.

The Honorable Herbert K. LASKY, Judge of the Circuit Court of St. Louis County, Missouri, Division IV, Respondent.

No. 39410.

Missouri Court of Appeals,
St. Louis District,
Division Four.

June 6, 1978.

Motion for Rehearing and/or Transfer Denied July 14, 1978.

Application to Transfer Denied Sept. 12, 1978.

Roberts & Roberts, V. Kenneth Rohrer, Farmington, for relator.

Sleater & Sleater, W. W. Sleater, M. C. Sleater, Clayton, for respondent.

SNYDER, Judge.

Relator McHarevo Development Corporation petitions for a writ of prohibition against respondent judge of the circuit court of St. Louis County, seeking to prohibit respondent from proceeding further to

consider cause # 378,090, styled: *Ladue-Innerbelt Bank and Trust Company, Plaintiff v. McHarevo Development Corporation, et al., Defendants*. Preliminary writ made absolute.

This is the second petition for a writ of prohibition filed in this cause. An earlier writ of prohibition requested by the three individual defendants only was made absolute in *State ex rel. Hails v. Lasky*, 546 S.W.2d 512 (Mo.App.1977).

The original suit for a money judgment was brought by Ladue-Innerbelt Bank and Trust Company, successor to Pine Lawn Bank and Trust Company, against the McHarevo Development Corporation and Carl Hails, Frank J. McDowell and L. J. Mueller as individuals.

The claim against relator McHarevo is based on its alleged failure to fulfill the terms of a contract between relator and J.M.C. Investments, Inc., under which relator was appointed exclusive agent to collect certain rentals on St. Francois County real property for J.M.C. and to remit to other parties, from the sums collected, mortgage payments, real estate taxes and insurance premiums. The balance, if any, was to be sent to plaintiff Ladue-Innerbelt in discharge of J.M.C.'s obligation as maker of a promissory note in the face amount of $300,000.00 (Three Hundred Thousand Dollars) held by Ladue-Innerbelt.

The petition alleged that the individual defendants owed Ladue-Innerbelt contract sums which relator owed and failed to pay. The claim against the individual defendants was based on a written "Guarantee of Indebtedness of Corporation, etc.", signed by them as majority stockholders of relator.

Summons were issued and returns of service made as to the individual defendants, but no return of service was ever made as to relator, although respondent asserts that because defendant Hails was the registered agent of relator corporation, service on him as an individual constituted valid service on relator.

Separate motions to dismiss filed by the three individual defendants based on a claim of improper venue were overruled by the trial court, after which the individual defendants filed the first petition for a writ of prohibition with this court. Our preliminary writ of prohibition in that case was made absolute on March 15, 1977. *State ex rel. Hails, supra*. It prohibited the respondent judge from proceeding further in the cause entitled *Ladue-Innerbelt Bank and Trust Company v. McHarevo Development Corporation, et al.*, # 378,090.

On March 17, 1977, Ladue-Innerbelt voluntarily dismissed without prejudice its cause of action against individual defendants Hails, McDowell and Mueller. On June 9, 1977 respondent, in spite of the absolute writ of prohibition which had been issued by this court, ruled on and denied relator's motion to set aside the court's order of default and inquiry which had been entered as of May 18, 1976 prior to the filing of the first petition seeking prohibition. This second petition for a writ of prohibition was then filed on June 24, 1977.

Our former writ of prohibition was broad enough to prevent the respondent trial judge from proceeding further in this cause of action even though it was dismissed as to the individual defendants. Respondent's theory is that a different situation exists now that the individual defendants are out of the case and the sole remaining defendant is the relator corporation. In truth, the applicable venue statute when the corporation and the individuals were co-defendants was § 508.010, RSMo 1969, whereas § 508.-040, RSMo 1969 controls now that relator is the sole defendant. *State ex rel. Hails, supra; State ex rel. Columbia Nat. Bank of Kansas City v. Davis*, 314 Mo. 373, 284 S.W. 464 (Mo.banc 1926). Because of the change in the applicable venue statute and because the question remaining as to proper venue would be unresolved if we were to rule that our prior writ of prohibition remains fully in effect as to the entire cause, and with the further belief that perhaps the former writ was over broad, we will consider the issues raised in this second prohibition petition.

Relator argues that Ladue-Innerbelt is only an incidental third-party beneficiary of the contract, not a creditor beneficiary, and hence lacks the standing to sue on the contract. We will consider this issue since it may be raised in future litigation.

Respondent has not spoken to this point in his brief. Nonetheless, we rule against relator and hold that Ladue-Innerbelt has standing to sue as a third-party creditor beneficiary.

■ It is a well-settled principle of law that a contract between parties upon a valid consideration may be enforced by a third party when entered into for his benefit even though he is not named in the contract nor privy to the consideration. *Beattie Mfg. Company v. Gerardi,* 166 Mo. 142, 65 S.W. 1035 (1901). *Crone v. Stinde,* 156 Mo. 262, 55 S.W. 863 (1900) [adopted by court in banc, 156 Mo. 262, 56 S.W. 907 (Mo.banc 1900)]; *Bank of Corning v. Consolidated School District No. 6 of Atchison County,* 225 Mo.App. 821, 37 S.W.2d 982 (1931); *Black and White Cabs of St. Louis, Inc. v. Smith,* 370 S.W.2d 669 (Mo.App.1963).

Relator cites *Stephens v. Great Southern Savings & Loan Ass'n,* 421 S.W.2d 332 (Mo. App.1967) and *Mertens v. MGR, Inc.,* 507 S.W.2d 433 (Mo.App.1974) for definitions of donee, creditor and incidental beneficiaries, the three classes of third-party beneficiaries of contracts. The court in *Mertens* adopted the definitions in the Restatement of Contracts, § 133, including, at pages 435–6:

> (b) a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, or a right of the beneficiary against the promisee which has been barred by the Statute of Limitations or by a discharge in bankruptcy, or which is unenforceable because of the Statute of Frauds;

· · · · ·

■ Ladue-Innerbelt is not a donee beneficiary because obviously J.M.C. did not intend to give anything of value to the bank. Ladue-Innerbelt does fit the definition of a creditor beneficiary. There is an actual duty of the promisee, i. e. J.M.C., to the beneficiary, Ladue-Innerbelt, to pay the amount due on the promissory note signed by J.M.C. and payable to the bank. In the contract, relator agreed to remit directly to Ladue-Innerbelt, in payment of J.M.C.'s debt on the note, the balance of rents collected over and above the sums required for payments on the first mortgage, taxes and insurance.

Incidental beneficiaries are those who do not fit the definition of a donee or creditor beneficiary. Relator argues that Ladue-Innerbelt was an incidental beneficiary in the face of the clear evidence that J.M.C. was obligated as a debtor to Ladue-Innerbelt and that relator in the contract specifically promised J.M.C. to discharge that obligation. The benefit to Ladue-Innerbelt was direct and specific, not collateral and incidental, and Ladue-Innerbelt clearly had standing to sue as a creditor beneficiary.

Two additional points are relied on by relator. The first is the question of jurisdiction over the corporation, for relator contends that there was no effective service of process on it. The second is whether there is proper venue under § 508.040, RSMo 1969.

The question of venue will be considered first and since we find that venue is lacking in St. Louis County, the need for consideration of the question of effective service of process is eliminated. It should not arise again if suit is filed in a proper court.

Respondent contends that his determination of where the cause of action accrued, and hence the venue of the action, is subject to review only by appeal, not by prohibition, but cites no cases to support his contention. The facts are not disputed, only the law as to the place of accrual of the cause of action which determines venue under § 508.040, RSMo 1969.

■ "It is well-established that lack of venue is a defect of a jurisdictional nature which authorizes issuance of prohibition."

*State ex rel. Hails, supra,* at page 514, citing cases. See also *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62 (Mo.banc 1956). Prohibition is a proper proceeding to prevent respondent from acting without jurisdiction because of improper venue.

The applicable venue statute reads as follows:

> Suits against corporations shall be commenced either in the county *where the cause of action accrued,* or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this state, then in either of such counties, or in any county *where such corporations shall have or usually keep an office or agent* for the transaction of their usual and customary business.

§ 508.040, RSMo 1969 (emphasis added). Relator does not have an office or agent for the transaction of its usual and customary business in St. Louis County. Therefore, venue in St. Louis County is proper only if the cause of action accrued there.

■ A cause of action for breach of contract accrues where the breach occurs. *Wood v. Saylor Tie & Timber Co.,* 67 S.W.2d 826 (Mo.App.1934); *Moherstadt v. Harry Newman, Inc., Motor Cars,* 204 Mo.App. 619, 217 S.W. 591 (1920). Where did the breach alleged in Ladue-Innerbelt's petition occur? We rule that the breach occurred and the cause of action accrued, and therefore venue lies, in St. Francois County.

■ The parties to the contract sought to be enforced are relator and J.M.C. Investments, Inc. Plaintiff Ladue-Innerbelt is not a signatory nor privy to the contract which was executed in St. Francois County. Relator's only office for the conduct of business and its registered agent were located in St. Francois County. The only place of performance of the contract was in St. Francois County where relator agreed to collect rentals on St. Francois County property and remit to various payees on behalf of J.M.C. Investments, Inc. Relator's primary obligation was to J.M.C. Investments,

Inc., and it is possible, depending on the amount of money collected by relator, that no payments at all would have been due to Ladue-Innerbelt under the contract. Even assuming that relator collected funds over and above those needed to pay the mortgage obligation, taxes and insurance, as alleged by Ladue-Innerbelt, the payments would actually be made to Ladue-Innerbelt on behalf of J.M.C. Investments, Inc., to be applied to discharge the obligations of J.M.C. to the bank.

The finding that venue lies in St. Francois County is strongly supported by the case of *Moherstadt, supra* in which the parties were a St. Louis motor car company and a resident of Stoddard County who came to St. Louis to purchase an automobile. A used automobile was transferred to the motor car company at St. Louis as partial payment under an agreement that the motor car company would pay a sum of money to the Stoddard County resident when the used automobile was sold. The sale was accomplished, but the motor car company refused to pay. The Stoddard County resident sued in Stoddard County. The defendant motor car company appeared specially to raise the question of venue claiming that the cause of action accrued in St. Louis instead of Stoddard County and was upheld by the trial court, which dismissed the suit. The court of appeals affirmed, holding that St. Louis was the proper venue, stating, 217 S.W. at page 592:

> While a number of cases dealing with the place of the accrual of the cause of action as fixing the proper venue have held that the place of the breach of the contract rather than the place of its making is the proper venue, none have gone to the extent of holding that, where the breach consists in a mere refusal to pay and no place of payment has been made part of the obligation, then the place where the creditor resides or may be found when the refusal to pay is made is the place where the cause of action accrues and fixes the venue of the cause of action.

The court went on to distinguish classes of cases which might seem to support a

finding of venue at the residence of the creditor, such as cases involving tender of payment.

The court also cited the case of *Barnett v. Colonial Hotel Bldg. Co.,* 137 Mo.App. 636, 119 S.W. 471 (1909). In *Barnett,* a company having its chief office and place of business in Greene County and no activity in St. Louis was sued in St. Louis by a firm of St. Louis architects for the balance of fees allegedly due for architectural services on a construction project. A representative of the architectural firm went to Springfield and made a proposition to the company. It was accepted at Springfield by the board of directors of the company. The work on the plans and specifications was done in St. Louis and delivered to the defendant in Springfield. The company paid only a portion of the agreed fee and the architects brought suit in St. Louis. The trial court dismissed the suit for lack of jurisdiction. The court of appeals affirmed, holding that the contract was entered into in Greene County and the breach occurred there. The court said, 119 S.W. at page 474:

> We know of no authority anywhere for the proposition that an action will lie in a venue where the contract was neither formed, nor to be performed, nor breached; yet such is the posture of this case as regards the St. Louis venue. Certainly, if all those acts happened in one venue, the cause of action could not be regarded as having accrued in another, where one of them happened.

The *Barnett* facts and those under consideration here are similar and the same reasoning applies. There was even more reason to find venue in St. Louis, the residence of the creditor in *Barnett,* since there was partial performance in St. Louis when the architects prepared the plans and specifications for the construction project there. Even so, the court held that venue lay in Greene County.

Respondent cites *Deering Milliken Research Corp. v. Textured Fibres, Inc.,* 310 F.Supp. 491 (D.S.C.1970) to support his position that venue lies in St. Louis County. The court in *Deering Milliken Research*

*Corp.,* held at page 500, "The general rule is that place of payment of a debt or contractual obligation, absent clear agreement to the contrary, is the residence or headquarters of the creditor." (citations omitted). The court went on to hold that the cause of action accrued and venue was proper at the place of payment. *Deering Milliken Research Corp.,* lends some support to respondent's position but it was decided under the law of South Carolina. In addition, the case can be distinguished in two material respects. First, the contract in *Deering Milliken Research Corp.,* specified that payments were to be made at the headquarters of plaintiff whereas here there was no agreement as to place of payment. Second, a substantial part of the *Deering* contract was performed at plaintiff's headquarters. Here the entire contract was to be performed in St. Francois County.

Venue in St. Louis County is improper.

Preliminary writ made absolute.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.