STATE of Missouri ex rel. Norville McCLAIN, et al., Relators,

v.

The Honorable Anthony J. HECKEMEYER, Judge of the Circuit Court of Scott County, Missouri, Respondent.

No. 15117.

Missouri Court of Appeals, Southern District, Division One.

Oct. 23, 1987.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 12, 1987.

Application to Transfer Denied Jan. 20, 1988.

W. Morris Taylor, Crystal Y. Smith, Clayton, for relators.

Bernard C. Rice, Peter C. Myers, Jr., Sikeston, for respondent.

ORIGINAL PROCEEDING IN
PROHIBITION

GREENE, Presiding Judge.

This writ proceeding had as its genesis a contract dispute between the owners of three nursing homes and the company they hired to manage them.

The plaintiff in the underlying civil action, which is Scott County Case No. CV385–233CC, is Americare Systems, Inc. (Americare), a Missouri corporation engaged in the management of nursing homes. Its central administrative offices are located in Scott County, Missouri.

In 1983, Americare entered into contracts to manage the three nursing homes, one of which was located in Jefferson County, Missouri. The other two were located in Kansas. The Missouri nursing home is named Westview Nursing Center. It is owned by Westview Health Care Associates, a Missouri limited partnership. The partners are (1) Mid–West Capital Corporation (Mid–West), a Missouri corporation, (2) Westview Center, Inc. (Westview), a Missouri corporation whose corporate charter has been forfeited, and whose statutory trustees are Norville McClain and Kenneth Vonderahe, who are Missouri residents and the relators here, and (3) Lee Sutliffe and Michael Lerner, both Kansas residents. The Kansas nursing homes are owned by Kansas limited partnerships, the partnership interest in each being owned by Mid–West, Sutliffe and Lerner.

In 1984, a dispute arose between the parties concerning management of the nursing homes and payment of the fees therefor. Americare withheld funds collected from nursing home patients, and advised the homes' owners that the money was being applied toward payment of its delinquent management fees. The owners threatened Americare with a "criminal investigation" if the money was not paid to them. Americare then filed two lawsuits in Scott County. The first, which is the underlying action here, was against Mid–West and McClain and Vonderahe as statutory trustees for Westview. The other was against Sutliffe and Lerner, d/b/a Stockton Health Care Associates, a Kansas limited

partnership, and Douglass Health Care Associates, a Kansas limited partnership to pay the management fees. Both suits alleged (1) breach of the management contract because of the failure of defendants to pay the management fees, (2) duress and coercion by threatening Americare with criminal investigation because Americare had withheld monies collected for nursing home care and applied the sums to its management fees account, (3) wrongful conversion of Americare's property, and (4) wrongful detainer.

The trustees for Westview and the attorneys for Mid–West moved to dismiss the petition against their corporate entities, claiming improper venue. The motion was denied by the trial court.[1] The trustees for Westview and Mid–West then petitioned this court for a writ to prohibit respondent judge from conducting further proceedings in the underlying case, contending "[r]espondent has no jurisdiction to proceed in this cause because there is no independent basis for venue in Scott County...." In its suggestions attached to its petition, relator asserted:

> Venue is improper because none of the defendants reside in or may be found in Scott County, Missouri, and because Plaintiff's cause of action did not accrue in Scott County. R.S.Mo. 508.010, 040 (1978).
>
> A. Plaintiff's claim for breach of contract arises not in Scott County but in Jefferson or St. Louis Counties, or the State of Kansas.
>
> B. Plaintiff's claims for conversion and 'wrongful detention' arise not in Scott County but in Jefferson County or the State of Kansas.
>
> C. Plaintiff's claim for 'duress' or 'business coercion' is not a tort recognized in Missouri and therefore, Count II fails to state a cause of action, alternatively; Plaintiff's claim for 'duress' or 'business coercion' arises not in Scott County but in Jefferson County or the State of Kansas.

This court then issued a preliminary order of prohibition directing the trial judge to refrain from proceeding further in order to give the parties an opportunity to fully brief the matter and present arguments to this court.

■ Prohibition is a proper proceeding to test whether a judge is acting in excess of his jurisdiction because of improper venue. *State ex rel. McHarevo Development Corp. v. Lasky*, 569 S.W.2d 273, 275–76 (Mo.App.1978).

■ Since the defendants in the underlying action are corporations and their trustees, the applicable venue statute is § 508.040, RSMo 1986, which states:

> Suits against corporations shall be commenced either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

Since neither of the corporations have an office or agent for the transaction of business in Scott County, venue then can only be proper if one of Americare's alleged causes of action accrued there. As previously stated, one of the counts of Americare's petition alleged breach of contract for failure to pay the management fees as agreed. As a general rule, the place of the breach of contract, rather than the place of making of the contract, fixes the place where a cause of action accrues. *State ex rel. McHarevo Development Corp. v. Lasky*, supra, at 276.

In suits for breach of contract for failure to pay for services rendered as agreed, and where the contract specifies where the payment is to be received, failure or refusal to pay as agreed constitutes a breach of the contract at the place so designated, and the cause of action accrues there. *Moherstadt v. Harry Newman Inc., Motor Cars*, 204 Mo.App. 619, 217 S.W. 591, 592 (1920). Here, the contract specified that management fees were to be received in Scott County.

1. The other lawsuit and the corporate and partnership structure of the defendants therein involves different facts relative to venue, and is not affected by the decision in this case.

In *Deering Milliken Research Corp. v. Textured Fibres, Inc.*, 310 F.Supp. 491 (D.S.C.1970), plaintiff, a South Carolina corporation, brought suit in the South Carolina courts against a North Carolina corporation for payments allegedly due under a licensing agreement. The agreement stated that the licensing fees were to be received at a specified place in South Carolina. The court held that the cause of action accrued and venue was proper in the county where plaintiff's headquarters were located, which was the place of payment specified in the contract. The rationale of *Milliken* applies here as such a result, under the facts, is only common sense.

Venue is proper in Scott County on Americare's cause of action for alleged breach of contract. It is unnecessary to determine whether or not Scott County venue would have been proper on the alleged tort claims, because joinder of the contract and tort claims is permitted under Rule 55.06(a), V.A.M.R.; See *State ex rel. Farmers Insurance Co., Inc. v. Murphy*, 518 S.W.2d 655 (Mo. banc 1975).

The preliminary order of prohibition issued in this cause is quashed, and relators' petition for a writ of prohibition is denied.

CROW, C.J., and HOLSTEIN, J., concur.